THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL MALDONADO, Appellant.

First Department, October 23, 1979

## APPEARANCES OF COUNSEL

*Joseph J. Hester* of counsel *(William E. Hellerstein,* attorney), for appellant.

*Billie Manning* of counsel *(Mario Merola, District Attorney),* for respondent.

## OPINION OF THE COURT

*Per Curiam.*

Defendant appeals from a judgment of the Supreme Court convicting him, on his plea of guilty, of the crime of manslaughter in the first degree (Penal Law, § 125.20), and sentencing him as a second felony offender to an indeterminate term of imprisonment of 7½ to 15 years. Defendant was indicted for murder in the second degree (Penal Law,

§ 125.25), and criminal possession of a weapon in the fourth degree (Penal Law, § 265.01). As a result of plea negotiations, defendant was permitted to plead guilty to the crime of manslaughter in the first degree with a promised sentence of 7½ to 15 years imprisonment, in satisfaction of the entire indictment.

Defendant argues that his sentence, although within legal limits, was unduly harsh, and that we should therefore reduce it in the exercise of our powers as a matter of discretion in the interest of justice (CPL 470.15, subd 2, par [c]; subd 6, par [b]). We do not think the facts of this case call for the exercise of our powers in this respect, the case involving a shotgun killing of a man who at the time of the incident was in no way attacking defendant.

Defendant urges that the only reason the court imposed the sentence that it did was that (according to the defendant) the court felt "obliged to stand by its bargain," i.e., the District Attorney's offer to the defendant having included a sentence of 7½ to 15 years (which the defendant agreed to), the Judge had indicated he would impose that sentence.

In our view, it is unwise for a Trial Justice, in connection with a negotiated plea of guilty, and in advance of a presentence report, to make a purportedly unconditional promise to the prosecutor that the sentence will not be less than agreed upon; and if such a promise is made, the Judge is not bound by it.

In *People v Selikoff* (35 NY2d 227, 238) the Court of Appeals said:

"To enable the court to perform its function, the statute mandates, and it is the public policy of this State to require, a presentence report before sentence be imposed (CPL 390.20, subd. 1; *People v. Aiss,* 29 N Y 2d 403).

"A Judge may not ignore those provisions of law designed to assure that an appropriate sentence is imposed (cf. *People v. Lopez,* 28 N Y 2d 148, 151). Thus, any sentence 'promise' at the time of plea is, as a matter of law and strong public policy, conditioned upon its being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources."

Accordingly, in the *Selikoff* case, defendant was denied "specific performance" of a promised sentence. (35 NY2d, at 238.) But if a defendant is subject to the rule that any sentence promise is "as a matter of law and strong public

policy, conditioned upon its being lawful and appropriate in light of the subsequent presentence report or information," then surely so is the prosecutor.

When the promise is to the defendant, and the court at the time of sentence on the basis of all the information available to the court, including the presentence report, thinks that the promised sentence is too lenient, the court has the option of telling this to the defendant, giving the defendant the opportunity to withdraw his plea of guilty, *People v Selikoff (supra)* and thus restore the *status quo* for a party who has changed his position in reliance on the promise. But when the promise is to the prosecutor and the Judge thinks that the agreed upon sentence is too severe, the Judge does not have this option. He cannot offer the prosecutor the opportunity to withdraw his agreement to the plea. In general it requires the consent of the defendant to permit a withdrawal of a plea. But the defendant is not likely to withdraw his plea in these circumstances; the defendant after all has already indicated that as between the plea with its offered sentence, and standing trial, the former is the lesser of two evils. The Judge is then faced with a choice of either imposing a sentence that is more severe than he thinks should be imposed, or of breaking his promise to the prosecutor with no option to the prosecutor to withdraw his consent. As we have said, in the light of *People v Selikoff (supra),* the Judge is not bound by his promise to the prosecutor. But it will obviously be better if it is made clear to all parties when a "promise" is made to the prosecutor in the absence of a presentence report, that that "promise" to the prosecutor is subject to the presentence report and any other information that the Judge may have at the time of sentence and that the Judge is free to impose whatever sentence he thinks is just within the legal limits.

In the present case however, the Trial Justice on review of all the facts at the time of sentence did not think the agreed upon plea was inappropriate. He referred to the agreement as one "that I think is a fair agreement for him [the defendant], one that I can in good conscience live with."

The judgment of the Supreme Court, Bronx County (BERN-STEIN, J.), rendered June 14, 1978, convicting defendant, upon his plea of guilty, of manslaughter in the first degree (Penal Law, § 125.20), and sentencing him as a second felony offender to an indeterminate term of imprisonment of 7½ to 15 years, should be affirmed.

SANDLER, J. P., SULLIVAN, BLOOM, LANE and SILVERMAN, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered on June 14, 1978, affirmed.