◼    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RIVERA, Appellant.—Judgment, Supreme Court, Bronx County, rendered April 20, 1978, convicting defendant on plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law, § 220.16), and sentencing him to an indeterminate term of imprisonment of four years to life, is unanimously modified, on the law, to the extent that the sentence is vacated and the matter is remanded to the Supreme Court for resentence in the light of *People v Maldonado* (70 AD2d 308), and the judgment is otherwise affirmed. At the time that defendant's plea of guilty was accepted, the court said (subject to errors in transcription): "Other than the promise the Court will follow the recommendation of the District Attorney, somewhat reluctantly and sentence you to a period of imprisonment of from four years to life * * * the Court feels that the four to life is more than adequate, indeed, that [had?] the Court not be [been?] bound by the District Attorney's insistence, which he had a right to do, of course, on a minimum of four years. The Court might have been willing to go along with a lesser minimum but the Court is bound by the District Attorney's recommendation which is conditioned upon the District Attorney of the acceptance of the lesser plea." A month later at the time of sentencing, the court said, "the District Attorney has it within his control as to whether or not the charge against you could be reduced from a position [?] in the first degree, which carries a minimum sentence of 15 years to life, to a plea which he allowed, which was an A-III and he agreed on my imposing a sentence having a minimum of four to life. That being the case, the only way that I could sentence you to less than the one which you could get a sentence of less than 15 to life is by my giving you the four to life which the District Attorney agreed to, or allowing you to withdraw the plea and to go to trial". Defendant chose not to withdraw his plea and go to trial, the agreed upon sentence being obviously in his eyes the lesser of the two evils. The court then pronounced sentence as follows: "the Court sentences you, as agreed to by the District Attorney, and after much effort on my part to get him to reduce the minimum sentence agreed to, I sentence you as agreed to four years to life, with the request to the Parole Board that they seriously consider you for parole at the conclusion of the minimum period." Finally, the court said: "You might note, for the record, if the Court had unfettered jurisdiction as to the sentence, it would have imposed a minimum of one to life." In *People v Maldonado* (70 AD2d 308, 309, *supra)* this court said: "In our view, it is unwise for a Trial Justice, in connection with a negotiated plea of guilty, and in advance of a presentence report, to make a purportedly unconditional promise to the prosecutor that the sentence will not be less than agreed upon; and if such a promise is made, the Judge is not bound by it." In the present case, it is apparent that the sentencing Justice felt himself bound by a promise made in advance of a presentence report

that the sentence would not be less than agreed upon, and thus felt himself bound to impose a sentence which he thought was too severe, although a sentence more in accord with what he thought was right was permitted by statute. In view of our decision in *People v Maldonado (supra)* applying the principles of *People v Selikoff* (35 NY2d 227), the sentencing Judge was in error. This is not a case in which the Judge exercised his discretion to impose a sentence within the statutory limits. Rather, it is one in which the Judge declined to exercise his discretion, believing that he had none because of the promise to the District Attorney. The defendant himself, at least, protested this treatment, asking why he should be given the same sentence as the more culpable defendant, to which the court replied as above quoted. We think the sentencing Judge's failure to exercise his discretion was an error of law. Concur—Sullivan, J. P., Markewich, Silverman, Yesawich and Carro, JJ.