■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LISA FARRAR, Appellant.—Judgment, Supreme Court, Bronx County, rendered June 30, 1977, convicting defendant, on plea of guilty, of manslaughter in the first degree (Penal Law, § 125.20), and sentencing her as a second felony offender, to an indeterminate term of imprisonment of 12½ to 25 years, is unanimously modified, on the law, to the extent that the sentence is vacated and the matter is remanded to the Supreme Court for resentence, in the light of *People v Maldonado* (70 AD2d 308), and the judgment is otherwise affirmed. At the time the plea of guilty was accepted from defendant and her codefendants, it was understood that the maximum sentence would be 25 years and the minimum either 8⅓ or 12½, depending on whether defendant was a second felony offender. At the time of sentence, it was established that she was a second felony offender and thus the court imposed the sentence of 12½ to 25 years. However, this sentence was imposed over the protest and objection of the defendant's attorney who asked the court not to deem itself bound by the previous understanding, and stated that his client's proposed sentence with a minimum of 12½ years was excessively severe in relation to the sentences imposed on the other defendants. Although there is perhaps a slight ambiguity on the point, the court apparently agreed with the defendant's attorney that 12½ to 25 years was too severe in comparison with the sentences the other defendants had received, but deemed himself bound by the understanding and thus imposed the sentence of 12½ to 25 years. The court said: "This Court finds that it is caught in what I consider to be a quandary with respect to this plea negotiations. There was an understanding with the attorney, with the defendant and with the Assistant District Attorney as to what the sentence would be in the event that defendant entered a plea of guilty, and I, at the time the plea was entered, I

questioned the defendant with respect to that. I told the defendant at that time what the sentence of the Court would be under the circumstances and even though at this moment I disagree with the understanding, I believe as a justice of this Court and sitting here in the capacity as a Justice of the Supreme Court, after a negotiated plea has been entered and after an indication that the Court would go along with the plea, that I feel morally and professionally bound to follow that negotiated plea." As in *People v Rivera* (74 AD2d 527), the court offered to permit the defendant to withdraw his plea of guilty, and defendant declined the offer, apparently thinking that the plea of guilty with the agreed upon sentence was a lesser evil than going to trial. In *People v Maldonada* (70 AD2d 308, 309), this court said: "In our view, it is unwise for a Trial Justice, in connection with a negotiated plea of guilty, and in advance of a presentence report, to make a purportedly unconditional promise to the prosecutor that the sentence will not be less than agreed upon; and if such a promise is made, the Judge is not bound by it." In the present case, as in *People v Rivera (supra)* it appears that the sentencing Justice felt himself bound by a promise made in advance of a presentence report that the sentence would not be less than agreed upon, and thus felt himself bound to impose a sentence which he thought was too severe, although a sentence more in accord with what he thought was right was permitted by statute. In view of our decision in *People v Maldonado (supra)* applying the principles of *People v Selikoff* (35 NY2d 227), the sentencing Judge was in error. This is not a case in which the Judge exercised his discretion to impose a sentence within the statutory limits. Rather, it is one in which the Judge apparently declined to exercise his discretion, believing that he had none because of the promise to the District Attorney. Accordingly, we remand to permit the sentencing Justice to impose the sentence that he deems to be right within the statutory limits, with due regard to the plea negotiations, but without deeming himself bound not to impose a lesser sentence than that originally agreed upon. Concur—Sandler, J. P., Sullivan, Bloom, Silverman and Ross, JJ.