## (August 14, 1980)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAE SUMPTER, Appellant.—Judgment, Supreme Court, Bronx County, rendered December 14, 1978, convicting defendant upon her plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law, § 220.39, prior to amdt of Sept. 1, 1979) and sentencing her thereon to an indeterminate term of imprisonment of three years to life, is unanimously modified, on the law, and as a matter of discretion in the interest of justice, to the extent that the judgment is reversed with respect to the sentence and in lieu thereof, defendant is sentenced to an indeterminate term of imprisonment in State prison of which the minimum period shall be one year and the maximum term shall be life imprisonment, and the judgment is otherwise affirmed. In this case the Trial Justice stated that he was imposing the

sentence of three years to life "reluctantly" because the District Attorney's office had insisted as a condition of reducing the charge from an A-I felony to an A-III (i.e., as a condition of accepting a plea to an A-III felony in satisfaction of an indictment which charged an A-I felony) that the defendant receive a sentence of three to life. The court said, "I don't feel that your participation was such as to warrant more than an absolute minimum, which could have been allowed by plea bargaining, which would have been one to life." He further invited this court to reduce the sentence by saying, "The Appellate Division can do anything about reducing it. It's up to them." In *People v Maldonado* (70 AD2d 308, 309) (decided after the sentence was imposed at Trial Term), we said: "In our view, it is unwise for a Trial Justice, in connection with a negotiated plea of guilty, and in advance of a presentence report, to make a purportedly unconditional promise to the prosecutor that the sentence will not be less than agreed upon; and if such a promise is made, the Judge is not bound by it." Accordingly, the Trial Justice erred as a matter of law in his view that he had no power to impose a different sentence. We know that had he been free to do so, the Trial Justice would have imposed a sentence of one year to life. We have examined the probation report and see nothing in it inconsistent with such an exercise by the Trial Justice of his discretion. Accordingly, rather than sending the case back to the Trial Justice for resentencing, we now impose the sentence which the Trial Justice has told us he would have imposed had he not felt bound by the promise to the District Attorney. (CPL 470.15, subd 2, par [c]; subd 6, par [b].) Concur—Murphy, P. J., Kupferman, Markewich and Silverman, JJ.