■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN HENDRICKS, Appellant. — Judgment of the Supreme Court, Suffolk County, rendered December 5, 1978 as amended by a resentence imposed November 1, 1979, affirmed. No opinion. Lazer, J.P., Gibbons, Gulotta and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE LA MAGNA and ITALY ROMA, Appellants. — Two judgments (one as to each defendant) of the Supreme Court, Queens County, both rendered July 5, 1979, affirmed. No opinion. The cases are remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Mangano, J.P., Rabin, Gulotta and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL MONTE, Appellant. — Appeal by defendant, as limited by his brief, from (1) a sentence of the Supreme Court, Kings County, imposed December 12, 1979 as amended by a sentence of the same court imposed January 2, 1980 and (2) an order of the same court dated March 27, 1980 which denied his motion to further modify the sentence. Sentence as amended and order affirmed. We recognize that a sentencing Judge is not bound by any presentence promise made to the prosecutor as to what sentence will ultimately be imposed (see *People v Maldonado*, 70 AD2d 308; *People v Farrar*, 74 AD2d 547; *People v Melendez*, 75 AD2d 794). However, we conclude, after a review of the sentencing minutes that the Judge imposed the sentence because he felt it would be the most appropriate under the circumstances, not because it had been promised during plea negotiations. Hopkins, J.P., Titone, Rabin and Weinstein, JJ., concur.