■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH BEST, Appellant.—Judgment, Supreme Court, Bronx County, rendered October 30, 1979, convicting defendant of criminal possession of a controlled substance in the third degree and resentencing him to 2⅓ to 10 years, unanimously reversed, on the law, and the matter remanded for resentence. Defendant, a 42-year-old first offender, described by the court as "more an introducer, than a big time narcotics dealer", entered a plea of guilty to criminal possession of a controlled substance in the third degree, a class A-III felony, in satisfaction of three indictments. The plea was conditioned upon the imposition of a sentence of two and one-third years to life. The People consented to both the plea and the sentence. At sentence the court stated, *inter alia,* that "I regret the District Attorney's Office did not see fit to consent to a lesser term, but the court recommends parole at the earliest possible moment." Over 10 months later defendant was resentenced pursuant to section 60.09 of the Penal Law, effective September 1, 1979, to 2⅓ to 10 years. Under the resentencing provisions of section 60.09 (subd b, par [i]) of the Penal Law, the minimum term imposed in the original sentence may not be reduced while the maximum may be reduced to no less than three times the amount of the original minimum. We reverse and remand for

resentence. Despite the court's statements to the contrary, at sentence the court was not constrained by the People's insistence on a minimum of two and one-third years. A court may not abdicate its sentencing responsibilities by a promise to the prosecutor, especially when such promise is made without the benefit of a presentence report. *(People v Maldonado,* 70 AD2d 308, 310.) Under an A-III felony, to which defendant pleaded, the court had a sentencing scope of from one year to life. Thus, had it exercised its unfettered discretion, free of its perceived promise to the People, defendant might have received a minimum significantly less than two and one-third years. We remand to the sentencing court for the·imposition of the sentence. it deems appropriate. Concur—Fein, J. P., Sandler, Sullivan, Ross and Carro, JJ.