agreement pursuant to which the plea was entered. The court, characterizing the previously agreed to sentence as "excessive" and "overkill", nevertheless expressed the conviction that it was constrained to honor its agreement with the District Attorney. It, therefore, proceeded to sentence defendant to a five-years-to-life term of imprisonment.

On appeal defendant maintains, and the People concede, that the sentencing court was not bound by its agreement with the District Attorney. Sentencing is a function committed exclusively to the court's sound discretion (People v Farrar, 52 NY2d 302, 305; People v Maldonado, 70 AD2d 308). Many factors must be weighed in determining an appropriate sentence, among them the nature of the crime, the defendant's circumstances, the need for societal protection, and the prospects for the defendant's rehabilitation. The consideration and balancing of these factors is ultimately the province of the court since the court alone, in the criminal justice process, is sufficiently detached from outside pressures to fairly and objectively accommodate public and private interests and so arrive at a just sentence (People v Farrar, supra, at pp 305-306).

The sentencing court in the instant matter was thus free and, indeed, duty bound to exercise its discretion in imposing sentence. (Supra, at p 306.) Its failure to do so was error and makes it appropriate that we remand the matter for resentencing. (Supra, at p 307.)

Upon remand, the presentence report, unavailable when the plea was entered, is clearly relevant to the court's exercise of discretion. Also relevant, however, are the nature of the offense for which the plea was entered and the underlying conduct to which defendant has admitted. We take special note that defendant's conviction stems from his very lucrative sales of considerable quantities of cocaine. Profiting from the sale of a substance that has so ravaged our society is indeed a grave offense and we have serious question whether a proper exercise of discretion would allow moderation of the sentence agreed to by all concerned, including defendant, at the entry of the plea. Should the sentencing court decide to impose a lesser sentence than that previously agreed to as part of the plea bargain, the People should, of course, be given the opportunity to withdraw their consent to the plea. (Supra, at pp 307-308.) Concur—Murphy, P. J., Sullivan, Asch, Fein and Wallach, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

OSBORNE CADLE, Appellant 

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.)* We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Kupferman, J. P., Ross, Kassal, Rosenberger and Ellerin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAULINO CARMONA, Appellant. 

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.)* We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Kupferman, J. P., Ross, Kassal, Rosenberger and Ellerin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS CARMONA, Appellant. 

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.)* We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Kupferman, J. P., Ross, Kassal, Rosenberger and Ellerin, JJ.

■ In the Matter of GEORGE D. ROSENBAUM, Respondent-Appellant, v MANGIATORDI, CORPINA AND CAVALLO, Appellant-Respondent, et al., Respondent. 

 No opinion. Concur—Sandler, J. P., Sullivan, Carro, Rosenberger and Wallach, JJ.

■ GOLDHEART INTERNATIONAL LTD., et al., Respondents, v VULCAN CONSTRUCTION CORP. et al., Defendants, and JEWELERS PROTECTION SERVICE, LTD., Appellant.