■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY CABEZA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered June 4, 1984, convicting him of rape in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

The defendant pleaded guilty to rape in the first degree pursuant to a negotiated plea bargain and was promised a sentence of from 5 to 15 years' imprisonment pending the court's review of his probation report. Subsequently, during the sentence proceeding, defense counsel sought the imposition of a lesser term of imprisonment than that which had been agreed to as part of the bargain. The court replied, in substance, that it was without power to impose a sentence other than the one promised and for that reason could not entertain defense counsel's request. At one point, the court stated that, "if I were to give a lesser sentence, it would be invalid because they could naturally oppose it, and they could take it up and they could appeal it".

The court erred in concluding that it was without discretion to consider the defendant's sentence contentions. As stated by the Court of Appeals in *People v Farrar* (52 NY2d 302, 305): "Rejected at the outset is the proposition that the court, by its purported commitment to the prosecutor at the time of the plea, can be bound to impose a particular sentence. Such an approach fails to recognize the underlying principle applicable to all these situations—that the sentencing decision is a matter committed to the exercise of the *court's* discretion and that it can be made only after careful consideration of all facts available at the time of sentencing".

In light of the foregoing, the case must be remitted to the Supreme Court to enable it to exercise its discretion in considering the imposition of sentence. Our holding should not, however, be construed as a determination that the sentence originally imposed was excessive. The court may entertain an application by the People to withdraw consent to the plea agreement if a sentence less severe than that negotiated is to

be imposed *(see, People v Farrar, supra,* at 307-308). Mollen, P. J., Bracken, Rubin, Kooper and Spatt, JJ., concur.