■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOSE MONTOYA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered March 2, 1987, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and sentencing him to an indeterminate term of five years to life imprisonment.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing.

The defendant pleaded guilty to criminal possession of a controlled substance in the second degree in satisfaction of the indictment. On accepting the plea, the sentencing court indicated that, pursuant to its agreement with the District Attorney, the defendant would be sentenced to a minimum of five years and a maximum of life imprisonment. The presentence report, which was made available to the court after the plea, was generally favorable to the defendant. On the basis thereof, the defense counsel asked the sentencing court to impose a more lenient sentence than the one agreed to as part of the plea bargain. The court replied, in substance, that it was without power to impose a more lenient sentence than the one promised as part of the plea bargain, and for that reason it could not entertain the defense counsel's request.

The court erred in concluding that it was without discretion to consider the defendant's sentence contentions. As stated by the Court of Appeals in *People v Farrar* (52 NY2d 302, 305): "Rejected at the outset is the proposition that the court, by its purported commitment to the prosecutor at the time of the plea, can be bound to impose a particular sentence. Such an approach fails to recognize the underlying principle applicable to all these situations—that the sentencing decision is a matter committed to the exercise of the *court's* discretion and that it can be made only after careful consideration of all facts available at the time of sentencing" (emphasis in original).

In light of the foregoing, the case must be remitted to the Supreme Court, Queens County, to enable it to exercise its discretion in the imposition of sentence. Our holding should not, however, be construed as a determination that the sentence originally imposed was excessive. The court may entertain an application by the People to withdraw consent to the plea agreement if a sentence less severe than that negotiated is to be imposed *(see, People v Farrar, supra,* at 307-308; *People*

*v Cabeza,* 135 AD2d 549; *People v Martinez,* 124 AD2d 505). Mangano, J. P., Kunzeman, Rubin, Kooper and Harwood, JJ., concur.