■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD G. GRAYBOSCH, JR., Also Known as EDWARD BRAYBOSCH, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered May 29, 1986, convicting him of reckless endangerment in the first degree and criminal mischief in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for resentencing.

After negotiating a plea bargain pursuant to which a sentence of from 3 to 6 years was discussed in connection with the crime of reckless endangerment in the first degree, defense counsel, during the sentence proceeding, asked that the court exercise its discretion and impose a lesser sentence than that previously agreed upon. The court declined, noting, *inter alia,* "You are telling me I have the discretion to do it. I don't have the discretion". The court also stated that it could not consider a lesser sentence, "Because I promised [the defendant] three to six on the District Attorney's recommendation". The court erred in concluding that it was without discretion to consider the defendant's request for a lesser sentence than that originally promised *(see, People v Farrar,* 52 NY2d 302,

305; *People v Montoya,* 138 AD2d 528; *People v Cabeza,* 135 AD2d 549). In *People v Farrar (supra,* at 305), the Court of Appeals rejected the proposition that a court's sentencing discretion is extinguished by virtue of its commitment at plea to impose a particular sentence *(see also, People v Cabeza, supra).*

Finally, we note that the predicate felony statement filed by the People failed to comply with the mandate of CPL 400.21 (2) and, in any event, even when supplemented by the Trial Assistant's oral representations in regard to the defendant's prior incarceration *(see,* Penal Law § 70.06 [1] [b] [v]), failed to establish that the defendant's 1973 conviction was properly considered as a predicate offense for the purposes of enhanced punishment *(cf., People v Thomas,* 113 AD2d 1029, *lv denied* 66 NY2d 768). Mangano, J. P., Kunzeman, Rubin, Kooper and Harwood, JJ., concur.