■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GABAI, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Suffolk County (McInerney, J.), imposed March 16, 1988, upon his conviction of criminal sale of a controlled substance in the second degree, upon his plea of guilty, the sentence being six years to life imprisonment.

Ordered the sentence is reversed, on the law, and the

matter is remitted to the Supreme Court, Suffolk County, for resentencing.

At sentencing, the defense counsel asked the court to consider the imposition of a more lenient sentence than the one agreed to as part of the plea bargain due, *inter alia,* to the defendant's severe heart problems, the absence of a prior criminal record and the fact that the defendant's involvement with drugs could be traced to the tragic death of his wife. The court replied, in substance, that it was without power to impose a more lenient sentence, and it would not consider the defendant's contentions with respect to his sentence without the prosecutor's consent.

The court erred in concluding that it was without discretion to consider the defendant's sentence contentions *(see, People v Farrar,* 52 NY2d 302, 305; *People v Montoya,* 138 AD2d 528; *cf., People v Martinez,* 129 AD2d 817). Consequently, the case must be remitted to the Supreme Court, Suffolk County, to enable it to exercise its discretion in the imposition of sentence. Our holding should not, however, be construed as a determination that the sentence originally imposed was excessive. The court may entertain an application by the People to withdraw consent to the plea agreement if a sentence less severe than that negotiated is to be imposed *(see, People v Farrar, supra,* at 307-308; *People v Cabeza,* 135 AD2d 549). Mollen, P. J., Mangano, Rubin and Kooper, JJ., concur.