■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIELLE TERRY, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered September 28, 1988, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Pursuant to a negotiated plea agreement, defendant waived indictment and pleaded guilty to a superior court information charging her with criminal sale of a controlled substance in the third degree—specifically, cocaine. The terms of the plea agreement called for a sentence of 2½ to 7½ years' imprisonment. At sentencing, however, defense counsel implored County Court to consider imposing a more lenient sentence, emphasizing that the presentence report recommended a term

of probation. The court declined the request stating, in substance, that it was bound by the terms of the plea agreement. Defendant was thereafter sentenced in accordance with the plea bargain.

On this appeal, defendant urges that we reduce the sentence in the interest of justice since this is her first offense, she is the 21-year-old mother of three children and she is the victim of a cocaine addiction. Instead, however, we are required to vacate the sentence imposed due to County Court's failure to exercise its independent discretion at sentencing (see, People v Graybosch, 139 AD2d 664; People v Montoya, 138 AD2d 528). It is fundamental that a court retains discretion to impose an appropriate sentence notwithstanding the terms of a plea agreement and must exercise that authority (see, People v Farrar, 52 NY2d 302). As such, the case must be remitted to County Court for resentencing. Given the procedural posture of this case, should County Court deem a more lenient sentence appropriate, the People must be accorded an opportunity to withdraw their consent to the waiver of indictment (see, CPL 195.10 [1] [c]; cf., People v Farrar, supra, at 307-308).

Judgment modified, on the law, by vacating the sentence imposed, and matter remitted to the County Court of Rensselaer County for resentencing. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.