■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS GONZALEZ, Appellant.—Judgment, Supreme Court, New York County (Shirley R. Levittan, J.), rendered June 20, 1986, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree and sentencing him to a term of from 5¾ years' to life imprisonment, unanimously affirmed.

By failing to seek to withdraw his plea at the sentencing proceeding, when both sides fully argued their respective disagreements over the minimum term of the sentence to be imposed, defendant has not preserved the issue for our review *(see, People v Lopez,* 71 NY2d 662, 667-668). While we decline to review the issue in the interest of justice, if we were to do so, we would find the claim meritless.

At the time of his plea, defendant had been promised a sentence of from eight years' to life imprisonment, with more favorable treatment to be accorded if he "were helpful to the district attorney in various matters". At sentencing, the People stated that defendant had been given consideration for matters in which he had cooperated in a useful manner, but that he had done very little. The prosecutor noted that defendant had repeatedly been told that the People were not interested in information which by itself was not useful, but in his taking an active role in investigations. Considering the limited extent of the defendant's cooperation, the People recommended a 5¾-year minimum term and the court concurred in this recommendation. To the extent that there is an indication that the court incorrectly believed itself bound by the People's recommendation, the record makes clear that the court considered all arguments, and made its own final independent assessment. *(Cf., People v Martinez,* 124 AD2d 505.) Concur—Kupferman, J. P., Sullivan, Rosenberger, Ellerin and Smith, JJ.