■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRISTINO DREMEGUILA, Also Known as CRISTI DREMEGUITA, Also Known as MEZQUITA, Appellant.—Judgment, Supreme Court, New York County (Myriam Altman, J., at plea and sentence), rendered May 16, 1986, convicting defendant of criminal possession of a controlled substance in the fifth degree and sentencing him to an indeterminate term of imprisonment of from 2⅓ to 7 years, to be served consecutive to a previously imposed sentence on an unrelated conviction, unanimously affirmed.

On August 8, 1984, the court accepted defendant's guilty plea and promised to sentence him to probation. The court warned that if defendant failed to appear on the date scheduled for sentencing, he would go "right to jail." Defendant did not appear for sentence and a bench warrant was issued. Thereafter, in October 1984, defendant was charged with the crimes of murder and criminal possession of a weapon. After trial, defendant was convicted of first degree manslaughter and third degree criminal possession of a weapon and was sentenced to consecutive indeterminate prison terms of from 8 to 24 years and from 2 to 6 years. Defendant was returned on the September 1984 warrant and appeared for sentencing.

Defendant contends that the court should have afforded him an opportunity to withdraw his plea when it imposed a greater sentence than the one promised at the plea hearing. This argument is unpreserved for appellate review since defendant never moved to withdraw his plea *(People v Gonzalez,* 161 AD2d 469). However, were we to reach the merits we would reject defendant's argument since the court's promise of probation was conditioned on defendant appearing on the date

scheduled for sentencing, which he did not do. *(People v Warren,* 121 AD2d 418, *lv denied* 69 NY2d 887; *see also, People v Rosenberg,* 148 AD2d 346.) Likewise, defendant's argument that his plea was not made intelligently and knowingly is unpreserved *(People v Lopez,* 71 NY2d 662), and in any event belies the record. Nor do we find defendant's sentence to be excessive since the court properly took into consideration defendant's failure to appear at sentencing and his subsequent conviction in another criminal proceeding *(People v Hernandez,* 155 AD2d 361). Concur—Milonas, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.