(May 7, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTINE WILLS, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (Turner, Jr., J.), rendered December 22, 1988, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

In the early morning hours of August 25, 1986, City of Watervliet Police Sergeant John Cannon and a confidential informant went to defendant's apartment in the City of Troy, Rensselaer County, where defendant and Nicholas Grinaldo were located. The informant allegedly purchased one packet of cocaine from defendant. Later that morning, Cannon returned to the apartment and allegedly negotiated a sale of eight additional packets of cocaine from defendant. As a result, defendant was indicted for two counts of criminal sale of a

controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree; she was found guilty on all counts following a jury trial.

On this appeal defendant contends, *inter alia,* that County Court erred in denying her request for a missing witness charge with regard to the confidential informant. We agree. At trial, Cannon testified that he and the informant entered the kitchen area of defendant's apartment and remained there while defendant went to the living room area where Grinaldo was located and returned with the packet of cocaine which she gave to the informant. In contrast, defendant testified that the informant went to the living room and had a discussion with Grinaldo, the substance of which she did not hear because she was playing with her pet possum. Defendant further testified that following that conversation the informant and Cannon left the apartment. On cross-examination Cannon testified that the informant was assisting the police in the hope of avoiding a jail sentence for prostitution. Defendant requested that County Court give a missing witness charge concerning the failure of the prosecution to call the informant to the stand. In response to that request the prosecution asserted that the defense had not established the availability or unavailability of the informant or that her testimony would be other than cumulative. County Court denied defendant's request.

The burden is upon the party seeking a missing witness charge to notify the court that there is an uncalled witness believed to be knowledgeable about a material issue pending in the case, and to show that such witness can be expected to testify favorably to the prosecution and that the prosecution has failed to call the witness to testify *(see, People v Gonzalez,* 68 NY2d 424, 427). Contrary to the People's assertion, once a defendant has presented prima facie evidence that an uncalled witness is knowledgeable about a material issue and that such witness would be expected to testify favorably to the prosecution, the burden shifts to the prosecution to account for the witness's absence and show that the witness is not knowledgeable about the issue, that the issue is not material, that the testimony would be cumulative or that the witness is not under the prosecution's "control" *(see, supra,* at 428). Control has been described as a relative concept but generally pertains to whether the missing witness, "by reason of status, relationship or other circumstances, would be expected to testify favorably to the [prosecution] and to be hostile to the [de-

fense]" *(People v Bessard,* 148 AD2d 49, 54, *lv denied* 74 NY2d 845).

Here, the relationship of the informant with the police was such that she clearly would have been expected to testify favorably to the prosecution. In order to obtain favorable treatment on a prostitution charge she took Cannon to defendant's residence and, following a conversation about the purchase of the cocaine, defendant allegedly gave the informant the drug in exchange for $50. In view of the stark conflict in the testimony of Cannon and defendant, the informant was in a position to give very material evidence in that regard and was a witness who the prosecution would naturally be expected to call *(see, People v Dillard,* 96 AD2d 112, 115).

Nevertheless, while the failure to give the missing witness charge was error, we deem it harmless. In addition to Cannon's testimony, there was testimony of other police officers who went to defendant's residence with Cannon on the second occasion who observed and helped secure the eight packets of cocaine seized at that time. Additionally, defendant admitted that she sold cocaine and, when she was incorrectly advised at her arraignment that she was charged with selling and possessing seven packs of cocaine, she stated, "No, it wasn't seven. It was nine." Finally, defendant told another police officer that "none of the stuff was [Grinaldo's], that [the police] ought to leave [Grinaldo] alone and out of it, that all the nine packs of blow were hers and that she wanted to plead guilty". Given that evidence, we do not believe that had the missing witness charge been given that there is a significant probability that a contrary verdict would have resulted *(see, People v Crimmins,* 38 NY2d 407, 411-412).

We find defendant's remaining contentions unpersuasive.

Mercure, J. P., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.