■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY DAVIS, Also Known as MARK R. DAVIS, Appellant.— Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered June 16, 1989, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Defendant was indicted for the A-I felony of criminal possession of a controlled substance in the first degree, and subsequently pleaded guilty to the A-II felony of criminal possession of a controlled substance in the second degree. Defendant was sentenced in accordance with the plea agreement to a prison term of 8⅓ years to life, the maximum term of imprisonment for an A-II felony. On this appeal, defendant contends that the sentence was harsh and excessive and constituted cruel and unusual punishment. Defendant also argues that County Court failed to exercise any discretion in accepting the plea and the condition that defendant be sentenced to the severest allowable sentence.

Initially, we reject defendant's contention that the sentence was cruel and unusual. The statute in question is not uncon-

stitutional on its face *(see, People v Broadie,* 37 NY2d 100, *cert denied* 423 US 950). Further, given the amount of cocaine involved and defendant's admitted knowing possession, we do not find that this is one of the "rare case[s]" envisioned in *People v Broadie (supra,* at 119) in which the application of the statute constitutes cruel and unusual punishment *(see, People v Marine,* 162 AD2d 275; *People v Miller,* 126 AD2d 868, *lv denied* 69 NY2d 884). In addition, in light of these facts, as well as the facts that defendant was allowed to plead guilty to a lesser crime than the one charged and agreed to the sentence as a part of a negotiated plea bargain, we do not find that the sentence imposed by County Court is harsh and excessive *(see, People v Hadden,* 158 AD2d 856, *lv denied* 76 NY2d 847).

We find, however, that County Court erred in failing to exercise its discretion in sentencing defendant. In accepting defendant's plea, County Court stated that it was "obligated" to impose the harshest sentence allowable based upon the plea bargain. The failure of County Court to exercise its independent judgment requires that the case be remitted to County Court for resentencing *(see, People v Terry,* 152 AD2d 822). Should County Court impose a sentence more lenient than that agreed to by the People, they must be accorded an opportunity to withdraw their consent to plea *(see, supra).*

Yesawich Jr., J. P., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed, and matter remitted to the County Court of Broome County for resentencing.