(November 15, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE RIZZO, Appellant. [618 NYS2d 333] —Judgment of the Supreme Court, New York County (Leslie Crocker Snyder, J., at plea and sentence), rendered January 10, 1992, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him to an indeterminate term of imprisonment of from 8 years to life, unanimously affirmed.

Defendant was arrested in connection with the sale of a kilogram of cocaine to an undercover officer and indicted for conspiracy in the second degree, criminal sale of a controlled substance in the first degree, and criminal possession of a controlled substance in the first degree. At a hearing on July 12, 1991, after "many discussions with the Prosecution in this case and * * * a conference at the bench", defense counsel asked the court to accept his client's plea of guilty to criminal possession in the first degree with the understanding that if he complied with various conditions, the court would allow him to replead to second degree criminal possession in exchange for a negotiated sentence. In the course of the plea allocution, defendant admitted transporting the kilogram of cocaine in the trunk of a car to a hotel in Queens, where it was delivered to a co-conspirator and sold to the undercover

officer. The court stated that it was "willing to go along with the eight to life sentence unless I should learn something about you which I don't know now which would make me feel that in good conscience I could not honor that conditional sentence."

On January 10, 1992, the court imposed the stipulated sentence on consent of the People and defendant. Defense counsel stated that "we have had a lot of discussions on this case. While I'm not terribly happy with it, this is the negotiated plea and we're ready to go forward with it on that basis."

On appeal, defendant urges that this Court reduce the sentence or, in the alternative, that we vacate the sentence and remand the matter to Supreme Court for resentencing. Relying on *People v Farrar* (52 NY2d 302) and this Court's ruling in *People v Martinez* (124 AD2d 505), defendant argues that, in sentencing him in accordance with his negotiated plea, the court failed to exercise its sound discretion to impose an appropriate sentence.

We find that the circumstances surrounding defendant's sentencing readily distinguish this matter from the cited authority. In both cases relied upon by defendant, the sentencing court expressed reservations about the fairness of the negotiated sentence. In *People v Martinez,* the court not only characterized the negotiated sentence as " 'excessive' " and " 'overkill' ", but also received a presentence report, after the sentencing agreement was reached, that recommended a lesser penalty *(supra,* at 506). In *People v Farrar,* the Trial Justice "noted that he was troubled by the sentence proposed by the prosecutor" but felt that he was bound to abide by the terms of the agreement *(supra,* at 305).

In the instant matter, the court at no time expressed any reservation about the fairness of the sentence imposed. The presentence report, which is not included in the record on appeal or in defendant's papers in support of his motion to enlarge the record, is not alleged to recommend a more lenient sentence. Neither is any other information received by Supreme Court between the time defendant entered his guilty plea and the imposition of sentence alleged to warrant a reduction in punishment. Upon this Court's independent review, we do not find the term of incarceration imposed to be unduly harsh in view of the crime charged (including the quantity of narcotics involved), defendant's circumstances and the deterrent and rehabilitative purposes of a penal sanction *(see, People v McConnell,* 49 NY2d 340, 346).

Defendant places undue emphasis on the sentencing court's statement that it lacked "power" to impose a lesser penalty than the sentence negotiated by the parties. While the court may, of course, in the exercise of discretion, impose a lesser sentence, that power is not unilateral. The immediate consequence of the court's departure from the agreed term of imprisonment is that the People must be afforded the opportunity to withdraw their consent to the negotiated plea *(People v Farrar, supra,* at 307-308). Similarly, the court has no inherent power to vacate a negotiated plea without the defendant's consent, unless it was procured by fraud or misrepresentation (CPL 220.60 [3]; *Matter of Lockett v Juviler,* 65 NY2d 182, 186-187; *Crooms v Corriero,* 206 AD2d 275). Taken in context, therefore, the court merely stated that it could not impose a reduced sentence without the consent of the prosecutor. Furthermore, the record indicates that the court agreed with the proposed sentence based upon an independent assessment of the circumstances of the case.

Finally, the material defendant seeks to have included in the record on appeal was not part of the record before Supreme Court and, while it is relevant to the question of parole, it is not cognizable on appeal. Defendant's motion to enlarge the record is therefore denied. Concur—Murphy, J. P., Rosenberger, Wallach, Ross and Rubin, JJ.