■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL ALVAREZ, Appellant. [620 NYS2d 964] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered February 3, 1993, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to adduce legally sufficient evidence to sustain his conviction for attempted robbery in the first degree beyond a reasonable doubt is not preserved for appellate review *(see,* CPL 470.05 [2]). In any event, the argument is without merit. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The jury had ample evidence on which to conclude that the defendant and his accomplice held up the complainant at gunpoint and demanded money *(see,* Penal Law § 160.15 [2], [3], [4]; *People v Gardner,* 186 AD2d 818, 819).

Although the defendant contends that the testimony of the People's witnesses who identified him at trial was inconsistent and unworthy of belief, resolution of issues of credibility, as well as the weight accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]; *People v Jimenez,* 209 AD2d 719 [decided herewith]).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Balletta, Joy and Altman, JJ., concur.