■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR JIMENEZ, Appellant. [620 NYS2d 963] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered January 28, 1993, convicting him of attempted robbery in the first degree, upon a jury verdict, and sentencing him to an indeterminate term of 10 years to life imprisonment.

Ordered that the judgment is modified, as a matter of

discretion, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

The defendant's contention that the People failed to adduce legally sufficient evidence to sustain his conviction for attempted robbery in the first degree beyond a reasonable doubt is not preserved for appellate review (see, CPL 470.05 [2]). In any event, the argument is without merit. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The jury had ample evidence on which to conclude that the defendant and his accomplice held up the complainant at gunpoint and demanded money (see, Penal Law § 160.15 [2], [3], [4]; People v Gardner, 186 AD2d 818, 819).

Although the defendant contends that the testimony of the People's witnesses who identified him at trial was inconsistent and unworthy of belief, resolution of issues of credibility, as well as the weight accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (see, CPL 470.15 [5]; People v Alvarez, 209 AD2d 707 [decided herewith]).

The defendant also contends that the sentence of an indeterminate term of 10 years to life imprisonment was based on the court's misapprehension of the law. It appears from the sentencing minutes that the Supreme Court intended to impose the minimum sentence. Although the sentence imposed was within the statutory guidelines for a class C persistent violent felony offender, the minimum sentence which could have been imposed was a lesser sentence of an indeterminate term of eight years to life imprisonment (see, Penal Law § 70.08 [3] [b]; § 110.05 [4]). Because the sentence may have been based on the court's misapprehension of the law, we remit to the Supreme Court for resentencing on the defendant's conviction of attempted robbery in the first degree (see, People v Jeffries, 166 AD2d 665).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Balletta, Joy and Altman, JJ., concur.