Christine A. WILLS, Petitioner,

v.

A. ANDREWS, Supervisor of the Albion
Correctional Facility, Respondent.

No. 94–CV–808.

United States District Court,
N.D. New York.

Oct. 23, 1995.

Christine A. Wills, Troy, NY, pro se.

Dennis C. Vacco Attorney General for the State of New York, Department of Law (Deirdre Roney, Assistant Attorney General, of counsel), Albany, NY, for respondent.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

The petitioner, Christine Wills, was convicted in 1988 in the Supreme Court of New York of two counts of criminal sale of a controlled substance in the third degree and one count each of criminal possession of a controlled substance in the third and fourth degree. The trial judge sentenced her to two consecutive terms of three to nine years imprisonment, and her conviction and sentence were affirmed on appeal. 183 A.D.2d 938, 583 N.Y.S.2d 561 (3d Dept.1992). While serving this sentence, Wills filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After referral by Standing Order dated August 2, 1985 to the Honorable Judge David N. Hurd, United States Magistrate Judge, Northern District of New York, respondent filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Magistrate Judge Hurd issued a Report–Recommendation dated July 31, 1995, concluding that Wills' petition should be dismissed. Wills subsequently filed objections to the Report–Recommendation, and this Court now undertakes a de novo review. For the reasons stated below, Wills' petition for a writ of habeas corpus is denied.

### II. DISCUSSION

In short, petitioner contends (1) that the state trial judge who imposed her sentence violated her constitutional due process and equal protection rights by considering her age as a criterion, and (2) that her sentence of two consecutive terms of three to nine years violates the Eighth Amendment as "cruel and unusual" punishment. The Magistrate Judge did not inquire into the merits of these claims, instead recommending that the petition should be dismissed based on notions of federalism and state discretion.

Petitioner's sentence was well within the statutory limits prescribed by N.Y.Penal Law § 70.00 (McKinney 1987). Normally, federal courts eschew review of sentences that are within the statutory limits. However, when a petitioner raises the specter of a judge relying on constitutionally impermissible factors, as petitioner has done here, the court should scrutinize the alleged constitutional violation. *See United States v. Driscoll,* 496 F.2d 252, 254 (2d Cir.1974).

#### a. Equal Protection and Due Process

The court encounters some difficulty in extracting the precise bases of petitioner's claim in this case. Petitioner asserts that the trial judge only considered the diminished potential for rehabilitation based on petitioner's age in determining her sentence. Labelling age as a "criterion," petitioner contends that by utilizing solely this criterion in determining her sentence, the judge violated the Constitution. This claim is predominantly based on equal protection grounds, although petitioner somewhat cryptically implicates due process as well.

While it is undoubtedly true that legislative classifications based on age are subject to scrutiny for rationality, *Massachusetts Bd. of Retirement v. Murgia,* 427 U.S. 307, 312–14, 96 S.Ct. 2562, 2566–67, 49 L.Ed.2d 520 (1976), the statute delineating the permissible range of sentencing here, N.Y.Penal Law § 70.00, did not require consideration of age. Rather, the trial judge considered this factor in exercising his discretion. A sentencing court can properly consider a wide range of information in fixing an appropriate sentence for a criminal defendant. *See United States v. Grayson,* 438 U.S. 41, 49–50, 98 S.Ct. 2610, 2615, 57 L.Ed.2d 582 (1978); *United States v. Tucker,*

404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972). To establish a constitutionally cognizable claim where a sentence is within the prescribed statutory limits, a petitioner must show that the decision was "wholly devoid of discretion," *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir.1987), *cert. denied* 484 U.S. 1014, 108 S.Ct. 717, 98 L.Ed.2d 667 (1988), was an arbitrary abuse of discretion, *United States v. Garcia*, 693 F.2d 412, 415 (5th 1982), or that an error of law resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty without due process. *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980).

Petitioner fails to establish any of the three conditions outlined above. The age "criterion" that petitioner claims violates the Constitution is more appropriately characterized as a discretionary factor utilized by the trial judge, and one frequently utilized by other judges across the country, as an aid for assessing, among other things, the prospect of rehabilitation. *See, e.g., People v. Martinez*, 124 A.D.2d 505, 508 N.Y.S.2d 180, 181 (1st Dept.1986). The New York Penal Law did not mandate that the judge consider a rigid set of factors including age, but left that choice of factors to the trial court's discretion. In light of the substantial deference accorded to the trial court in making sentencing determinations, the Court holds that utilizing the factor of defendant's age under these circumstances, even if it was the sole basis for the trial court's decision, does not violate the equal protection or due process clause. In any event, although age may have been the only factor disclosed as a basis for the trial judge's decision, it is doubtful that petitioner's age was truly his only consideration in making the decision.

### b. Excessive Sentence

█ Petitioner also claims that an excessive sentence was imposed in violation of the Eighth Amendment. It is well-established that this type of claim does not present a federal constitutional issue on habeas review where, as here, the sentence is within the statutory range. *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir.1992).

█ To the extent that petitioner has set forth an Eighth Amendment claim, the Court finds it lacking merit. Because reviewing courts should "grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals," only in the most extenuated circumstances will a sentence violate the Eighth Amendment. *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983). Legislative decisions that concern sentencing should be regarded as presumptively valid because the judiciary must assume a subordinate position on such a polycentric issue. *See United States v. Gonzalez*, 922 F.2d 1044, 1052 (2d 1991). Petitioner has not overcome the presumption here, and her sentence, far below the twenty-five-year maximum under the statute, does not present a situation involving the most extenuated circumstances.

### III. CONCLUSION

In sum, the Court holds that petitioner has failed to establish an equal protection or due process violation by the state sentencing court, which only considered petitioner's age in determining her sentence, where the sentence fell within the statutory guidelines. Because the sentence was within the guidelines, petitioner's claim with respect to an Eighth Amendment violation for excessive sentence also fails to present a federal constitutional issue on habeas review.

ORDERED, that respondent's motion to dismiss is GRANTED, and petitioner's writ of habeas corpus is DENIED.

**IT IS SO ORDERED.**