■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY BERDECIA, Appellant. [637 NYS2d 48] —Judgment, Supreme Court, Bronx County (George Covington, J.), rendered November 1, 1993, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^{1}/_{2}$ to 9 years, unanimously affirmed.

Defendant's motion to suppress physical and identification evidence was properly denied without a hearing, his allegation that the observing officer relayed an inadequate and unreliable radio description of him being factually insufficient to support his claim that the police lacked probable cause to arrest him (*see, People v Mendoza*, 82 NY2d 415, 428-429). This deficiency in defendant's suppression motion being apparent on its face, the suppression court's failure to set forth the reasons for its determination requires no remedial action (*see, People v Murray*, 172 AD2d 437, *appeal withdrawn* 79 NY2d 942).

Defendant's claim that the court's surrender order was not a part of the plea agreement, and that he therefore should have been allowed to withdraw his plea before being sentenced to a term exceeding the one promised, is unpreserved for appellate review as a matter of law, since defendant never objected at sentencing nor moved to withdraw the plea or to vacate the judgment of conviction (*see, People v Ramirez*, 210 AD2d 56, *lv denied* 84 NY2d 1037). Were we to reach the issue, we would find that the surrender order was an express condition of the plea agreement, the court having stated that the order was based on an arrangement it had made with defendant's counsel allowing defendant more bail time to get married.

The sentence properly took into account defendant's breach of the surrender condition of his plea agreement, and was otherwise a proper exercise of discretion (*see, People v Dremeguila,* 166 AD2d 196, *lv denied* 76 NY2d 1020). Concur—Ellerin, J. P., Kupferman, Ross, Williams and Tom, JJ.