■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE BARZGE, Also Known as JORGE BARZAGA, Also Known as GEORGE BARCAGA, Appellant. [664 NYS2d 283] —Judgment, Supreme Court, Bronx County (Steven Barrett, J., at plea and sentence), rendered July 5, 1995, convicting defendant, upon his plea of guilty, of two counts of attempted criminal sale of a controlled substance in the third degree, and sentencing him as a second felony offender to concurrent indeterminate terms of imprisonment of 4 to 8 years, unanimously affirmed.

Defendant seeks vacatur of his sentence and remand for resentencing on the ground that the sentencing court was under the erroneous impression that it lacked authority to impose a more lenient sentence than that agreed to on defendant's guilty plea. While it is well settled that "a court must exercise its discretion at sentencing, notwithstanding that a sentence was negotiated at the time of the plea, and must be free to impose a lesser penalty *if warranted*" (*People v Farrar*, 52 NY2d 302, 308 [emphasis supplied]), we have held

that a trial court's erroneous belief that it lacks discretion at sentencing will only warrant vacatur of the sentence and remand for resentencing only where the record indicates possible harm flowing from the court's error, e.g., some expression of reservation by the court about the fairness of the sentence to be imposed (*see, People v Rizzo,* 209 AD2d 235, 236, *lv denied* 85 NY2d 913; *People v Martinez,* 124 AD2d 505; *People v Best,* 77 AD2d 836; *see also, People v Farrar, supra; People v Mastro-marino,* 194 AD2d 487; *People v Gonzalez,* 161 AD2d 469; *but cf., People v Knorr,* 149 AD2d 619; *People v Graybosch,* 139 AD2d 664; *People v Montoya,* 138 AD2d 528; *People v Davis,* 190 AD2d 908; *People v Terry,* 152 AD2d 822).

Consequently, defendant's claim here lacks merit since there is no indication in the record that the sentencing court expressed any inclination, desire or basis for imposing a lesser sentence but refrained from imposing such a sentence due to its mistaken belief. The record does show that the court expressed the view at sentencing that the plea agreement was fair and offered defendant the opportunity to withdraw his guilty plea, which defendant rejected. Furthermore, the sentence was relatively lenient as compared to what defendant might have received had he been convicted of the crimes charged in the indictment. Since no abuse of discretion on the part of the sentencing court has been alleged, let alone demonstrated, the sentence imposed should not be disturbed (*People v Junco,* 43 AD2d 266, 268, *affd* 35 NY2d 419, *cert denied* 421 US 951). Concur—Rosenberger, J. P., Ellerin, Williams, Tom and Colabella, JJ.