■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGH CHARLES, Appellant. [888 NYS2d 157]—

Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Nassau County (Donnino, J.), imposed January 4, 2007, upon his conviction of robbery in the first degree, attempted robbery in the first degree, and attempted unlawful possession of personal identification information in the third degree, after his plea of guilty.

Ordered that the sentence is reversed, on the law, and the matter is remitted to the County Court, Nassau County, for resentencing in accordance herewith.

At the time that the defendant pleaded guilty to robbery in the first degree, attempted robbery in the first degree, and attempted unlawful possession of personal identification information in the third degree, he waived his right to appeal, and the

County Court gave him "a net sentence promise of state prison for 10 years plus 5 years post-release supervision." At the subsequent sentencing proceeding, and after the prosecution recommended a sentence of 20 years of imprisonment, the court noted various mitigating factors in the defendant's background, and also acknowledged an outpouring of community support for the defendant, as evidenced by the various letters received by the court and the number of spectators who appeared in the courtroom on the defendant's behalf. However, while the court observed that these circumstances weighed in favor of leniency, it repeatedly and mistakenly indicated that the minimum permissible term of imprisonment for the defendant's conviction of robbery in the first degree was 10 years, rather than 5 years (*see* Penal Law § 70.02 [3]), and it remarked that the 10-year term was "mandatory under the law," that "there's nothing under the law that I can do [other] than to give him 10 years," and that said term "could not be affected by what was said here today." Accordingly, the court imposed a determinate term of 10 years of imprisonment, which it characterized as "the minimum sentence of imprisonment," on the defendant's conviction of robbery in the first degree, and imposed additional concurrent terms on the other offenses "for a net determinate sentence of imprisonment of 10 years."

The defendant's valid waiver of his right to appeal (*see People v Callahan*, 80 NY2d 273 [1992]; *People v Seaberg*, 74 NY2d 1 [1989]) forecloses review of his claim that the sentence imposed was excessive (*see People v Lopez*, 6 NY3d 248 [2006]; *People v Vega*, 51 AD3d 694, 695 [2008]; *People v Oquendo*, 38 AD3d 686 [2007]). However, his contention that the court failed to apprehend and to exercise the full scope of its discretion at sentencing due to its mistaken belief regarding the permissible minimum sentence for robbery in the first degree survives his waiver of the right to appeal (*see People v Nolcox*, 40 AD3d 1128 [2007]; *People v Halston*, 37 AD3d 1144 [2007]; *People v Schafer*, 19 AD3d 1133 [2005]). Moreover, since the record suggests "some expression of reservation by the court about the fairness of the sentence[s] to be imposed" (*People v Barzge*, 244 AD2d 213, 214 [1997]; *see People v Seymour*, 21 AD3d 1292, 1293 [2005]), we reverse the sentences and remit the matter for resentencing (*see People v Fehr*, 303 AD2d 1039, 1040 [2003]; *People v Jimenez*, 209 AD2d 719, 720 [1994]; *People v Martindale*, 202 AD2d 158, 159 [1994]; *People v Best*, 77 AD2d 836, 837 [1980]). At the resentencing, the court is free to impose the lawful sentences which it deems appropriate, including a 10-year net determinate term of imprisonment if, in the exercise of its full discretion, it finds such a term to be warranted.

The People's remaining contentions are without merit. Mastro, J.P., Miller, Angiolillo and Austin, JJ., concur.