■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE E. YOUNG, Appellant. [958 NYS2d 804]—

Egan Jr., J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered March 18, 2011, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant was charged in a single-count indictment with promoting prison contraband in the first degree and, pursuant to a negotiated plea agreement, thereafter pleaded guilty to attempted promoting prison contraband in the first degree, a class E felony (see Penal Law §§ 110.00, 110.05, 205.25 [2]). As it was unclear whether defendant would qualify as a second felony offender, the parties agreed that defendant would be sentenced as a first time felony offender to a prison term of 1 to 3 years. County Court imposed the agreed-upon sentence and defendant now appeals.

Defendant's sole contention on appeal is that his plea was not knowing, intelligent and voluntary because County Court failed to advise him that there was no mandatory minimum sentence for a first time felony offender convicted of a class D or class E felony (see Penal Law § 70.00 [4]). However, the record reveals—and defendant acknowledges—that he failed to preserve this issue for appellate review by moving to withdraw his plea or vacate the judgment of conviction (cf. People v Campbell, 66 AD3d 1059, 1060 [2009]; People v Kopy, 54 AD3d 441, 441 [2008]). Further, as there is nothing in the record to suggest that County Court was inclined to impose a lesser sentence (compare People v Charles, 67 AD3d 698, 699 [2009], lv dismissed 13 NY3d 906 [2009]; People v Rodriguez, 276 AD2d 368, 369 [2000]), we decline defendant's request to take corrective action as a matter of discretion in the interest of justice. Accordingly, the judgment of conviction is affirmed.

Peters, P.J., Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.