■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GEORGES III, Appellant. [12 NYS3d 309]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered September 23, 2013, convicting him of use of a child in a sexual performance as a sexually motivated felony and possessing a sexual performance by a child, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

During the course of the plea colloquy, the court asked the prosecutor if the maximum allowable sentence was "five to fifteen," and the prosecutor answered in the affirmative. The court advised the defendant that it would sentence him to a term of imprisonment of between five and eight years. At

sentencing, on the top count of use of a child in a sexual performance as a sexually motivated felony, the court sentenced the defendant to a term of imprisonment of seven years.

Use of a child in a sexual performance as a sexually motivated felony is a class C nonviolent felony sex offense (*see* Penal Law §§ 130.91, 263.05), for which a determinate sentence of between 3½ and 15 years of imprisonment may be imposed (*see* Penal Law § 70.80 [4] [a] [ii]). Even assuming, as the defendant contends, that the court misunderstood the extent of its sentencing discretion, the record establishes that no "possible harm" flowed from any such erroneous belief, because the court expressed no reservations about the fairness of the sentence to be imposed (*People v Barzge*, 244 AD2d 213, 214 [1997]; *see People v Young*, 102 AD3d 1061 [2013]; *cf. People v Charles*, 67 AD3d 698, 699 [2009]; *People v Rodriguez*, 276 AD2d 368, 369 [2000]; *People v Jimenez*, 209 AD2d 719, 720 [1994]). Indeed, knowing that it could impose a sentence of at least five years of imprisonment, the court still opted to impose an even greater sentence. Thus, there is no basis to believe, as the defendant contends, that the court would have imposed a term of five years of imprisonment had it known that the minimum term was 3½ years.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.