People v Paulin (2020 NY Slip Op 01933)





People v Paulin


2020 NY Slip Op 01933


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-04342
 (Ind. No. 17-511)

[*1]The People of the State of New York, respondent,
v
Lord Paulin, appellant.


Warren S. Hecht, Forest Hills, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered February 22, 2018, convicting him of attempted criminal possession of a controlled substance in the third degree and resisting arrest, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree and resisting arrest. During the plea colloquy, the County Court informed the defendant that the maximum sentence on the count of attempted criminal possession of a controlled substance in the third degree was a term of imprisonment of 15 years. However, attempted criminal possession of a controlled substance in the third degree is a class C felony offense (see Penal Law §§ 110.00; 220.16), for which a determinate sentence between 3½ and 9 years of imprisonment may be imposed when the offender is adjudicated a second felony drug offender previously convicted of a violent felony (see Penal Law § 70.70[4][b][ii]). At sentencing, the court sentenced the defendant as a second felony drug offender previously convicted of a violent felony to a term of imprisonment of 7 years followed by a period of postrelease supervision of 3 years for his conviction of attempted criminal possession of a controlled substance in the third degree. However, attempted criminal possession of a controlled substance in the third degree is a class C felony offense (see Penal Law §§ 110.00; 220.16), for which a determinate sentence between 3½ and 9 years of imprisonment may be imposed when the offender is adjudicated a second felony drug offender previously convicted of a violent felony (see Penal Law § 70.70[4][b][ii]).
Contrary to the People's contention, the defendant's purported waiver of the right to appeal was invalid, as the record fails to establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257; see also People v Thomas, ___ NY3d ___, ___, 2019 NY Slip Op 08545 at *8). In any event, the defendant's contention that the County Court, in effect, failed to apprehend and exercise the full scope of its discretion at sentencing survives a waiver of the right to appeal (see People v Charles, 67 AD3d 698, [*2]699).
There is no merit to the defendant's contention that his sentence should be vacated and the case remitted for resentencing due to the County Court's mistaken belief that the maximum term of imprisonment on his conviction of attempted criminal possession of a controlled substance in the third degree was 15 years rather than 9 years. While the court may have misunderstood the extent of its sentencing discretion, "the record establishes that no possible harm flowed from any such erroneous belief, because the court expressed no reservations about the fairness of the sentence . . . imposed" (People v Georges, 130 AD3d 843, 844 [internal quotation marks omitted]). Thus, under the circumstances, there is no basis to believe that the court would have imposed a lesser sentence had it known that the correct maximum term of imprisonment was 9 years, as opposed to 15 years (see id. at 844).
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court