People v Lewis (2022 NY Slip Op 06497)

People v Lewis

2022 NY Slip Op 06497

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-03737
 (Ind. No. 68/20)

[*1]The People of the State of New York, respondent,
v
Maceo B. Lewis, appellant.

Carol Kahn, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered May 7, 2021, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 254, 257).
Although the defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent survives his valid waiver of the right to appeal (see People v Cardona, 177 AD3d 647, 648), the defendant failed to preserve that contention for appellate review, since he did not move to withdraw his plea or otherwise raise this issue before the County Court (see People v Berry, 206 AD3d 755, 755; People v Lopez, 199 AD3d 704, 704). In any event, the record demonstrates that the defendant's plea was knowing, voluntary, and intelligent (see People v Guevara-Lopez, 189 AD3d 881, 882; People v Paulin, 181 AD3d 824, 825; People v Jackson, 114 AD3d 807, 808).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Batista, 167 AD3d 69).
The defendant's remaining contention based on matter dehors the record is not properly before this Court.
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court