OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant contends that the seizure of an incriminatory handwritten note from her apartment violated her rights under the search and seizure provisions of the Federal and State Constitutions because, at the time of the seizure, the exigency which justified the initial presence of the police in the apartment no longer existed and her consent to their initial entry was no longer viable. Consequently, defendant argues that the evidence obtained as a result of the entry should have been suppressed.
Upon review of the record, we conclude that there should be an affirmance of the order of the Appellate Division because of the failure of defendant at the combined suppression hearing and nonjury trial to preserve the error on which reliance is now placed for a reversal. During the suppression hearing, defendant advanced but a single, categorial contention — that suppression of the incriminatory note was warranted because Detective Martin was not *1035 worthy of belief when he testified that he had not intended to search for evidence upon returning to the apartment, but had inadvertently seen an exposed note on top of a dresser and had recovered it. There was then no claim made that Detective Martin’s re-entry was constitutionally impermissible because it was not justified by the initial consent of defendant.
Having failed to raise at the suppression hearing a constitutional challenge to Detective Martin’s presence in defendant’s apartment at the time of the discovery of the incriminatory note, “defendant is now foreclosed by our rule of ‘preservation’ from advancing any such ground for reversal on appeal to this court.” (People v Martin, 50 NY2d 1029, 1031.)
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.