■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS CHEATHAM, Also Known as THOMPSON, Appellant. [698 NYS2d 188] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Erie County Court for further proceedings in accordance with the following Memorandum: The record establishes that defendant's waiver of the right to appeal was knowing, intelligent and voluntary (*see, People v Moissett*, 76 NY2d 909; *People v Saunders*, 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). The contentions of defendant that County Court erred in failing to suppress a showup identification and physical evidence allegedly recovered as a result of an illegal custodial interrogation do not survive that waiver (*see, People v Vaccaro*, 206 AD2d 952, 953, *lv denied* 84 NY2d 940).

Defendant's further contention that the sentence is illegal survives the waiver of the right to appeal (*see, People v Seaberg*, 74 NY2d 1, 9). Indeed, the People candidly concede that defendant's sentence is illegal and that the matter must be remitted to County Court to afford defendant the opportunity to withdraw his guilty plea or be resentenced (*see, People v Martinez*, 213 AD2d 1072, 1073). Consequently, we modify the judgment by vacating the sentence (*see,* CPL 470.15 [2] [c]), and we remit the matter to Erie County Court for that purpose. (Appeal from Judgment of Erie County Court, DiTullio, J.— Attempted Robbery, 1st Degree.) Present—Lawton, J. P., Hayes, Pigott, Jr., Hurlbutt and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC G. BRIDENBAKER, Appellant. [698 NYS2d 201] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminally negligent homicide (Penal Law § 125.10). Defendant punched an intoxicated victim in the head when the victim was not looking. The victim fell on a concrete curb and died as a result of a neck injury. Defendant's conviction is supported by legally sufficient evidence (*see, People v Bleakley,* 69 NY2d 490, 495; *People v Doty,* 175 AD2d 564, *lv denied* 78 NY2d 1127). Defendant concedes that his contention that the jury charge was inadequate and confusing is unpreserved for our review (*see,* CPL 470.05 [2]). In any event, that contention lacks merit (*see generally*, Penal Law § 15.05 [4]; § 125.10; *People v Boutin,* 75 NY2d 692, 695-696). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, DiTullio, J.—Criminally Negligent Homicide.) Present—Lawton, J. P., Hayes, Pigott, Jr., Hurlbutt and Balio, JJ.