THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS GATHERS, Appellant. [779 NYS2d 706]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered December 6, 2001. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of burglary in the third degree (Penal Law § 140.20), defendant contends that County Court improperly abdicated its sentencing authority to the District Attorney. We agree. We note at the outset that, contrary to the contention of the People, defendant's contention survives the waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 9 [1989]; *People v Cheatham*, 266 AD2d 875 [1999], *lv denied* 94 NY2d 917 [2000]). Pursuant to the terms of the plea agreement, defendant agreed to cooperate with the police and the District Attorney's office in unrelated investigations, and the District Attorney agreed in return not to recommend that defendant be sentenced as a persistent felony offender and agreed to recommend a lesser sentence if defendant did in fact cooperate. The court initially indicated that it would consider the sentence that the District Attorney recommended, but, when the District Attorney thereafter recommended a specific sentence, the court informed de-

fendant that it was bound to impose that sentence. That was error. "[T]he sentencing decision is a matter committed to the exercise of the *court's* discretion . . . made only after careful consideration of all facts available at the time of sentencing" (*People v Farrar*, 52 NY2d 302, 305 [1981]). With respect to defendant's further contentions, the record establishes that the waiver of the right to appeal was voluntarily, knowingly and intelligently entered (*see People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]), as was the plea (*see generally People v Harris*, 61 NY2d 9, 19 [1983]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to afford defendant the opportunity to withdraw his guilty plea or be resentenced (*see Cheatham*, 266 AD2d 875 [1999]). Present—Green, J.P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.