■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRA SMITH, Also Known as DANTE, Appellant. [801 NYS2d 226]— Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered March 2, 2004. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree and gang assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant failed to preserve for our review his contention that County Court abused its discretion in denying his application for youthful offender status (*see People v Jones*, 288 AD2d 397 [2001], *lv denied* 97 NY2d 730 [2002]; *People v Gonzalez* [appeal No. 1], 280 AD2d 980 [2001]). In any event, we conclude that defendant's contention lacks merit (*see People v Henderson*, 300 AD2d 1119 [2002], *lv denied* 100 NY2d 539 [2003]; *People v Smith*, 286 AD2d 878 [2001], *lv denied* 98 NY2d 641 [2002]). We further conclude that the court properly set forth on the record its determination that defendant should not be afforded youthful offender status (*see* CPL 720.20 [1]) as well as its reasons for that determination (*see People v DePugh*, 16 AD3d 1083, 1084 [2005]; *cf. People v Martinez*, 301 AD2d 615, 616 [2003], *lv denied* 99 NY2d 656 [2003]). Finally, even assuming, arguendo, that the contention of defendant that he was denied effective assistance of counsel at sentencing survives his guilty plea (*see People v Widrick*, 9 AD3d 897 [2004]; *People v*

*Sheppard*, 306 AD2d 841 [2003]), we conclude that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Pigott, Jr., P.J., Gorski, Martoche, Pine and Lawton, JJ.