■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER D. WHITE, Appellant. [805 NYS2d 917]—Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered March 7, 2002. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [2]). Contrary to the contention of defendant, his waiver of the right to appeal was voluntary, knowing and intelligent (see People v Moissett, 76 NY2d 909, 910-911 [1990]; People v Ray, 307 AD2d 754, 755 [2003], lv denied 100 NY2d 624 [2003]). Although the contention of defendant that his plea was not voluntarily entered survives his waiver of the right to appeal, defendant failed to preserve his contention for our review by moving to withdraw the plea or to vacate the judgment of conviction (see People v McKay, 5 AD3d 1040 [2004], lv denied 2 NY3d 803 [2004]). In any event, we note that the contention of defendant that the plea was not voluntarily entered is, in effect, a challenge to the factual sufficiency of the plea allocution. That challenge is encompassed by the waiver of the right to appeal and, in addition, is not preserved for our review (see id. at 1041; People v Brown, 305 AD2d 1068, 1068-1069 [2003], lv denied 100 NY2d 579 [2003]). The valid waiver by defendant of the

right to appeal also encompasses his challenge to the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]) and, in any event, the sentence is not unduly harsh or severe. Finally, defendant failed to preserve for our review his contention that he should have been afforded youthful offender status (*see People v Smith*, 21 AD3d 1342 [2005]). In any event, the record establishes that defendant was 19 years old when he committed the crime at issue herein and therefore was not eligible for youthful offender status (*see* CPL 720.10 [1]; *People v Jones*, 251 AD2d 1055 [1998]). Present—Pigott, Jr., P.J., Martoche, Smith, Pine and Hayes, JJ.