■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHONCIE STITH, Appellant. [817 NYS2d 481]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered February 24, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for resentencing.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), defendant contends that County Court improperly abdicated its sentencing authority to the District Attorney. We agree. We note at the outset that, although defendant validly waived his right

to appeal (*see People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]), his present contention survives that waiver (*see People v Seaberg*, 74 NY2d 1, 9 [1989]; *People v Schafer*, 19 AD3d 1133 [2005]). With respect to the merits of defendant's contention, the record establishes that defendant agreed pursuant to the terms of the plea agreement to cooperate with the District Attorney's office, and the District Attorney agreed not to recommend a sentence in excess of eight years to life. The court indicated that it would consider a lesser sentence if one were recommended by the District Attorney. At sentencing, when the District Attorney did not recommend a lesser sentence, the court informed defendant that it was· bound to impose the agreed-upon sentence of eight years to life. That was error. "[T]he sentencing decision is a matter committed to the exercise of the *court's* discretion . . . made only after careful consideration of all facts available at the time of sentencing" (*People v Farrar*, 52 NY2d 302, 305 [1981]). Contrary to the further contention of defendant, the record establishes that his plea of guilty was voluntarily, knowingly and intelligently entered (*see generally People v Harris*, 61 NY2d 9, 19 [1983]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Pine, JJ.