■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY L. DOWDELL, Appellant. [825 NYS2d 865]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered September 15, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for resentencing.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Contrary to the contention of defendant, his waiver of the right to appeal was voluntarily, knowingly, and intelligently entered (*see People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]). Defendant further contends that his guilty plea was not voluntarily, knowingly, and intelligently entered because he did not recite the underlying facts of the crime during the plea colloquy. Defendant's contention is actually a challenge to the factual sufficiency of the plea allocution (*see People v White*, 24 AD3d 1220 [2005], *lv denied* 6 NY3d 820 [2006]) that is encompassed by the waiver of the right to appeal (*see People v Spikes*, 28 AD3d 1101, 1102 [2006], *lv denied* 7 NY3d 818 [2006]; *People v Bland*, 27 AD3d 1052 [2006], *lv denied* 6 NY3d 892 [2006]; *White*, 24 AD3d at 1220). In addition, that contention has not been preserved for our review because defendant failed to move to withdraw the plea or to vacate the judgment of conviction (*see People v Farnsworth*, 32 AD3d 1176 [2006], *lv denied* 7 NY3d 867 [2006]; *White*, 24 AD3d at 1220; *People v Oltz*, 1 AD3d 934, 935 [2003], *lv denied* 1 NY3d 632 [2004]). The plea allocution does not clearly cast significant doubt upon defendant's guilt or otherwise call into question the voluntariness of the plea, and thus the plea allocution does not qualify for the narrow, rare case exception to the preservation doctrine (*see Farnsworth*, 32 AD3d at 1177; *Oltz*, 1 AD3d at 935). In any event, defendant's contention is without merit. "There is no requirement that defendant personally recite the facts underlying the crime, and his responses to the questions of [County C]ourt during the plea colloquy did not negate any element of the offense or otherwise cast any doubt on defendant's guilt" (*Spikes*, 28 AD3d at 1102; *see People v Seeber*, 4 NY3d 780, 781 [2005]; *People v Brown*, 305 AD2d 1068, 1069 [2003], *lv denied* 100 NY2d 579 [2003]).

Defendant next contends that the court failed to exercise its discretion at sentencing. We agree. We note at the outset that, contrary to the contention of the People, defendant's contention survives the waiver of the right to appeal (*see People v Stith,* 30 AD3d 966, 966-967 [2006]; *People v Gathers,* 9 AD3d 912 [2004], *lv denied* 3 NY3d 674 [2004]). The record establishes that defendant agreed pursuant to the plea agreement to cooperate with the District Attorney's office, and the District Attorney agreed to recommend a sentence less than 5 to 15 years if defendant cooperated. When the District Attorney did not recommend a sentence less than 5 to 15 years, the court indicated that it was bound to impose the sentence of 5 to 15 years. That was error. "[T]he sentencing decision is a matter committed to the exercise of the *court's* discretion . . . made only after careful consideration of all facts available at the time of sentencing" (*People v Farrar,* 52 NY2d 302, 305 [1981]; *see Stith,* 30 AD3d at 967; *Gathers,* 9 AD3d at 913). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing. Present—Martoche, J.P., Smith, Centra and Green, JJ.