■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLEXTON CRAWFORD, Appellant. [877 NYS2d 168]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered January 9, 2007, convicting him of criminal contempt in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Under the circumstances presented here, the improper commencement of jury selection before determination of the defendant's motion to suppress evidence (*see* CPL 710.40 [3]; *People v Blowe*, 130 AD2d 668 [1987]) is not a basis for reversing the defendant's conviction, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his conviction (*see People v Gonzalez*, 214 AD2d 451 [1995]; *People v Lloyd*, 141 AD2d 669, 670-671 [1988]; *People v Gaddy*, 42 AD2d 735 [1973]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Lacewell*, 44 AD3d 876, 877 [2007]).

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the knife and hammer found in the apartment shared by the complainant and the defendant. The police officer who found the items lawfully entered the apartment after he was told by the complainant that she had been assaulted with a knife and a hammer (*see People v Mitchell*, 39 NY2d 173 [1976]; *People v Desmarat*, 38 AD3d 913, 914-915 [2007]), whereupon he found the items in plain view (*see People v Diaz*, 81 NY2d 106 [1993]). The defendant's contention that the People failed to carry their burden at the suppression hearing because they failed to produce the police officers who had first entered the apartment is unpreserved for appellate review, as the defendant failed to make that argument at the hearing (*see* CPL 470.05 [2]; *People v Dancey*, 57 NY2d 1033 [1982]). In any event, his contention is without merit, as there is no evidence that those officers possessed material evidence with respect to the circumstances in which the knife and hammer were found (*see People v Witherspoon*, 66 NY2d 973 [1985]; *People v Mack*, 224 AD2d 447 [1996]). Spolzino, J.P., Florio, Miller and Eng, JJ., concur.