# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

116

KA 09-02165

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT

V                                                     MEMORANDUM AND ORDER

SEAN L. SANDERS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered July 23, 2009. The judgment convicted defendant, upon a nonjury verdict, of criminally negligent homicide and assault in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of, inter alia, criminally negligent homicide (Penal Law § 125.10) for punching the victim in the back of the head and thereby causing his death, defendant contends that the verdict with respect to that crime is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). We reject that contention. "A person is guilty of criminally negligent homicide when, with criminal negligence, he causes the death of another person" (§ 125.10). "A person acts with criminal negligence with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists[;] [t]he risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation" (§ 15.05 [4]). " '[T]he carelessness required for criminal negligence . . . must be such that its seriousness would be apparent to anyone who shares the community's general sense of right and wrong' " (*People v Conway*, 6 NY3d 869, 872).

Here, the evidence at trial established that defendant rushed at the victim from behind and, without warning, delivered a powerful blow with his closed fist to the victim's head, which resulted in massive bleeding around the victim's brain and, ultimately, his death.

Eyewitnesses described defendant as using all of his body weight and all of his momentum to deliver a blow that immediately dropped the victim to the ground.  The sound of the punch was described by eyewitnesses as a very loud crack, like a wooden bat hitting a ball. The Medical Examiner who performed the autopsy described the victim's injuries as similar to those she had seen in individuals who were killed in high-speed automobile collisions.  Although defendant is correct that death resulting from a single punch may be unusual, we have consistently held that one can commit criminally negligent homicide with a single punch (*see People v Bridenbaker*, 266 AD2d 875, 875, *lv denied* 94 NY2d 917; *People v Doty*, 175 AD2d 564, 564, *lv denied* 78 NY2d 1127).  Viewing the evidence in light of the elements of the crime of criminally negligent homicide in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that, although an acquittal would not have been unreasonable, it cannot be said that County Court failed to give the evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495; *People v Howard*, 101 AD3d 1749, *lv denied* 21 NY3d 944).

Entered:  February 14, 2014                     Frances E. Cafarell
                                                Clerk of the Court