■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANONYMOUS, Appellant. [64 NYS3d 525]—

Judgment, Supreme Court, Bronx County (Robert G. Seewald, J. at plea; Steven L. Barrett, J. at sentencing), rendered October 31, 2014, as amended, February 20, 2015, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of 10 years, unanimously affirmed.

Defendant's plea was not rendered invalid by the court's erroneous advice that the term of postrelease supervision would

be five years, when in fact it was actually three years, because "warning defendant of a *greater* term of postrelease supervision than he actually faced . . . [did not] deprive[ ] defendant of the information he needed to knowingly, voluntarily and intelligently choose among alternative courses of action" (*People v Carter*, 67 AD3d 603, 604 [1st Dept 2009] [internal quotation marks omitted], *lv denied* 14 NY3d 886 [2010]; *see also People v Collier*, 22 NY3d 429, 434 [2013]). Defendant's related claim of ineffective assistance of counsel is without merit.

The record fails to support defendant's contention that the sentencing court misapprehended the extent of its discretion to impose a lower sentence than called for under the plea agreement. In any event, there is no reason to remand for resentencing, because there is no indication that any such error resulted in harm to defendant (*see People v Barzge*, 244 AD2d 213, 214 [1st Dept 1997], *lv denied* 91 NY2d 888 [1998]). Given the court's lengthy admonishment of defendant for failing to take responsibility for his actions, "there is no indication in the record that the sentencing court expressed any inclination, desire or basis for imposing a lesser sentence but refrained from imposing such a sentence due to its mistaken belief" (*id.*).

We perceive no basis for reducing the sentence. Concur— Gische, J.P., Kapnick, Oing and Moulton, JJ.