People v Dupont (2018 NY Slip Op 06392)





People v Dupont


2018 NY Slip Op 06392


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


991 KA 15-02001

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROSS P. DUPONT, II, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered November 12, 2015. The judgment convicted defendant, upon his plea of guilty, of aggravated criminal contempt. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for resentencing.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of aggravated criminal contempt (Penal Law § 215.52 [1]). County Court initially imposed a one-year term of interim probation. The court informed defendant that, if he complied with the terms of interim probation, the court would impose a five-year term of probation. Defendant, however, repeatedly violated those terms. At sentencing, the court stated that "the only way" it could secure defendant a plea bargain involving probation was to help negotiate a plea agreement with "specific terms," including a "severe sanction" in the event that he violated the terms of interim probation. The court then stated that it had to "keep [its] word," presumably to the People, because otherwise it would be unable to secure the "same opportunity for another defendant who is in a similar situation." The court further stated that it was "compelled" to impose an indeterminate term of incarceration of 2&frac13; to 7 years, which is the maximum legal sentence (see Penal Law § 70.00 [2] [d]; [3] [b]).
Defendant contends that the court failed to exercise its discretion at sentencing. We agree. "[T]he sentencing decision is a matter committed to the exercise of the court's discretion . . . made only after careful consideration of all facts available at the time of sentencing" (People v Farrar, 52 NY2d 302, 305 [1981]; see People v Dowdell, 35 AD3d 1278, 1280 [4th Dept 2006], lv denied 8 NY3d 921 [2007]). "The determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence" (Farrar, 52 NY2d at 305-306; see Penal Law § 1.05 [5]). Here, the court indicated that it was bound by its agreement with the People to impose a particular sentence (see Dowdell, 35 AD3d at 1280). We therefore modify the judgment by vacating the sentence and we remit the matter to County Court for resentencing.
In light of our determination, we do not consider defendant's remaining contention.
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court