People v Rydzewski (2019 NY Slip Op 03176)





People v Rydzewski


2019 NY Slip Op 03176


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


255 KA 18-01822

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT RYDZEWSKI, DEFENDANT-APPELLANT. 






LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (ERIN E. MCCAMPBELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered December 21, 2017. The judgment revoked defendant's sentence of probation and imposed a sentence of incarceration. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment revoking the sentence of probation imposed upon his conviction, following his plea of guilty, of attempted burglary in the second degree (Penal Law
§§ 110.00, 140.25 [2]) and sentencing him to a determinate term of two years of incarceration with three years of postrelease supervision. Defendant had agreed to waive a hearing and admit to violating a condition of his probation in exchange for the sentence that was ultimately imposed. We reject defendant's contention that Supreme Court failed to exercise its discretion in revoking the sentence of probation based upon defendant's admission that he violated a condition of his probation. "[T]he sentencing decision is a matter committed to the exercise of the court's discretion . . . made only after careful consideration of all facts available at the time of sentencing" (People v Farrar, 52 NY2d 302, 305 [1981] [emphasis omitted]; see People v Dowdell, 35 AD3d 1278, 1280 [4th Dept 2006], lv denied 8 NY3d 921 [2007]). Based on our review of the entire sentencing transcript, we conclude that the court understood that it had the authority, upon finding that defendant violated a condition of his probation, to "revoke, continue or modify the sentence of probation" (CPL 410.70 [5]; see People v Clause, 167 AD3d 1532, 1532-1533 [4th Dept 2018]), and the court exercised its discretion in imposing a sentence of incarceration after considering, among other things, "the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence" (Farrar, 52 NY2d at 305).
Finally, we reject defendant's contention that the bargained-for sentence is unduly harsh and severe (see People v Regan, 162 AD3d 1414, 1415 [3d Dept 2018]; People v Stachnik, 101 AD3d 1590, 1593 [4th Dept 2012], lv denied 20 NY3d 1104 [2013]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court