People v Roberts (2019 NY Slip Op 07448)





People v Roberts


2019 NY Slip Op 07448


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

110227

[*1]The People of the State of New York, Respondent,
v
James Roberts, Appellant.

Calendar Date: September 10, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Karen A. Leahy, Cortland, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



Devine, J.
Appeal from a judgment of the County Court of Broome County (Northrup Jr., J.), rendered August 5, 2016, which revoked defendant's probation and imposed a sentence of imprisonment.
In October 2015, defendant pleaded guilty to attempted rape in the second degree and was sentenced to 10 years of probation. He was charged the next month with violating the terms of that probation by, in relevant part, being charged with aggravated unlicensed operation of a motor vehicle in the third degree and other traffic infractions. Defendant admitted, in satisfaction of the violation petition and the pending charges, to violating the conditions of probation by being so charged. County Court revoked defendant's probation and, as offered by the People, imposed a prison term of 1½ years to be followed by six years of postrelease supervision (hereinafter PRS). Defendant appeals.[FN1]
Defendant argues that his plea to the probation violation was not knowing, voluntary and intelligent and that County Court failed to exercise its discretion in sentencing him. Although defendant did not move to withdraw his plea, he was sentenced at the same proceeding and had no practical ability to make a post-admission motion. Accordingly, his claim is reviewable on direct appeal (see People v Conceicao, 26 NY3d 375, 381 [2015]; People v Miazga, 171 AD3d 1358, 1359 [2019]).
The record reflects that the People's final plea offer came with a prison sentence of 1½ years followed by six years of PRS. When defendant indicated that he wanted to admit to the probation violation and argue for a more lenient sentence, County Court stated that it could not "override" the recommended sentence unless defendant declined the offer and proceeded to a hearing. The court further told defendant that, if he took the offer, it was "up to the People" as to whether a lesser sentence could be considered. The People then turned down defendant's proposal to cap his sentencing exposure at 1½ years in prison and stated that they would recommend a higher sentence if defendant rejected the offer and were found guilty following a hearing. Defendant thereafter accepted the offer.
The foregoing reflects, and the People concede, that County Court abdicated its responsibility to carefully consider all facts available at the time of sentencing and fashion an appropriate sentence (see People v Farrar, 52 NY2d 302, 305-306 [1981]; People v Selikoff, 35 NY2d 227, 238 [1974]). Without more, this would warrant remittal for resentencing (see People v Stith, 30 AD3d 966, 967 [2006]). Inasmuch as the proceedings were also marred by the People's admittedly inappropriate threat to seek a harsher sentence if defendant rejected the offer and was found guilty after a hearing, however, the plea itself was involuntary. Thus, defendant is entitled to vacatur of his plea (see People v Granello, 18 NY2d 823, 824 [1966]; People v Beverly, 139 AD2d 971, 971 [1988]).
Garry, P.J., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Defendant has been released from prison, but continues to serve the imposed term of PRS.