People v Knorr (2020 NY Slip Op 04690)





People v Knorr


2020 NY Slip Op 04690


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., CURRAN, TROUTMAN, AND BANNISTER, JJ.


477 KA 18-01370

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEVEN P. KNORR, DEFENDANT-APPELLANT. 






DANIELLE C. WILD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered March 15, 2018. The judgment convicted defendant upon a plea of guilty of sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed and the matter is remitted to Monroe County Court for resentencing.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [3]), defendant contends that County Court failed to exercise its discretion at sentencing. We agree.
The court initially imposed a one-year term of interim probation and informed defendant that, if he complied with the terms of interim probation, the court would impose a nine-year term of probation. Defendant, however, violated the terms of interim probation. At sentencing, the court informed defendant that it had taken "quite frankly, a lot of arm twisting" to get defendant the plea arrangement he had received and that the court had to "twist the arm of the People to get them to go along with giving [defendant the] chance on interim probation." The court then stated that if it gave defendant "a sentence that's anywhere less than seven years," the People would be "looking at [the court] on every single case that" it would have in the future, would conclude that the court's "word is no good," and thus would not continue offering plea arrangements to defendants because they would not expect the court to abide by a pre-plea sentencing commitment. Thus, the court said, it had "no choice today . . . but to sentence [defendant]" to seven years' imprisonment.
"[T]he sentencing decision is a matter committed to the exercise of the court's discretion and . . . can be made only after careful consideration of all facts available at the time of sentencing" (People v Farrar, 52 NY2d 302, 305 [1981]; see People v Dupont, 164 AD3d 1649, 1650 [4th Dept 2018]; People v Dowdell, 35 AD3d 1278, 1280 [4th Dept 2006], lv denied 8 NY3d 921 [2007]). "The determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence" (Farrar, 52 NY2d at 305). Here, the court indicated that it had no choice but to sentence defendant pursuant to its agreement with the People (see Dupont, 164 AD3d at 1650), and the sentencing transcript, read in its entirety, does not reflect that the court conducted the requisite discretionary analysis (cf. People v Clause, 167 AD3d 1532, 1532-1533 [4th Dept 2018]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing.
In light of our determination, we do not consider defendant's remaining contention.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court