People v Kinchoy (2020 NY Slip Op 05098)





People v Kinchoy


2020 NY Slip Op 05098


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

111590

[*1]The People of the State of New York, Respondent,
v
Eric M. Kinchoy, Appellant.

Calendar Date: September 4, 2020

Before: Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Marlene O. Tuczinski, Chatham, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered July 2, 2019, convicting defendant upon his plea of guilty of the crime of rape in the first degree.
In January 2019, defendant was charged by indictment with rape in the first degree (two counts), criminal sexual act in the first degree and sexual abuse in the second degree. In satisfaction thereof, defendant pleaded guilty to one count of rape in the first degree and waived his right to appeal both orally and in writing. In accordance with the terms of the plea agreement, defendant was thereafter sentenced to a prison term of 10 years, to be followed by 20 years of postrelease supervision. Defendant appeals.
We affirm. Initially, although defendant validly waived his right to appeal, his contention that County Court improperly abdicated its responsibility to impose a fair and appropriate sentence survives said waiver (see People v Dowdell, 35 AD3d 1278, 1280 [2006], lv denied 8 NY3d 921 [2007]; People v Stith, 30 AD3d 966, 966-967 [2006]; but see People v Schweppe, 250 AD2d 881, 881 [1998], lv denied 92 NY2d 905 [1998]). To that end, it is axiomatic that a trial court retains the discretion to fix an appropriate sentence up until the time of sentencing (see People v Schultz, 73 NY2d 757, 758 [1988]) and, if warranted, the court may impose a lesser sentence than that which was negotiated at the time of the plea (see People v Farrar, 52 NY2d 302, 308 [1981]).[FN1]
Here, at the April 2019 plea proceeding, County Court expressly reviewed the terms of the plea agreement, including the agreed-upon sentence, and the rights that defendant was foregoing by pleading guilty. Defendant, in turn, knowingly, voluntarily and intelligently pleaded guilty to one count of rape in the first degree in full satisfaction of the indictment in exchange for a negotiated prison sentence of 10 years, to be followed by 20 years of postrelease supervision. At defendant's June 2019 sentencing, however, defendant asked County Court to reconsider the negotiated sentence, indicating that he was "throwing [him]self at the mercy of the [c]ourt." County Court informed defendant that it was bound by the parties' negotiated agreement and that it lacked discretion to impose a more lenient sentence.
Even assuming, as defendant argues, that County Court misapprehended the extent of its discretion to impose a lesser sentence than that set forth in the plea agreement, we find no reason to vacate the sentence and remand for resentencing where, as here, there is nothing in the record demonstrating that defendant was harmed as a result of any such misapprehension (see People v Anonymous, 156 AD3d 414, 415 [2017], lv denied 30 NY3d 1113 [2018]). At no point did County Court express any concern or reservation about the fairness of the sentence to be imposed as a result of defendant's negotiated plea (see People v Georges, 130 AD3d 843, 844 [2015], lv denied 26 NY3d 967 [2015]; People v Seymour, 21 AD3d 1292, 1293 [2005], lv denied 6 NY3d 758 [2005]; People v Barzge, 244 AD2d 213, 213-214 [1997], lvs denied 91 NY2d 888, 889 [1998]), nor did the court indicate that it was inclined to impose a more lenient sentence but chose not to do so based upon its apparent misapprehension as to the discretion it had to do so (see People v Anonymous, 156 AD3d at 415; see also People v Young, 102 AD3d 1061, 1061 [2013]). Rather, County Court reviewed the presentence investigation report and acknowledged that defendant "had a difficult life," but nevertheless independently determined that said factor did not outweigh the "complete betrayal of trust" and the "terrible impact" that his conduct had on the lives of his victims. Accordingly, as defendant pleaded guilty with the understanding that he would receive the sentence that was ultimately imposed by County Court, he received the benefit of his plea bargain and, under the circumstances, we discern no reason to depart from the sentence imposed (see People v Anonymous, 156 AD3d at 415; People v Georges, 130 AD3d at 844; People v Barzge, 244 AD2d at 213-214; see also People v Brown, 123 AD3d 1300, 1301 [2014], lv denied 25 NY3d 1198 [2015]; People v Cooper, 88 AD3d 1009, 1011 [2011], lv denied 17 NY3d 952 [2011]; compare People v Dowdell, 35 AD3d at 1280).
Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Of course, where the record makes plain that the People's consent to a plea is premised upon a specifically negotiated sentence, the People should be offered the opportunity to withdraw their consent to the plea (see People v Farrar, 52 NY2d at 307-308 & n).