People v Ruise (2020 NY Slip Op 07785)





People v Ruise


2020 NY Slip Op 07785


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1019 KA 17-01906

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIC L. RUISE, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered September 5, 2017. The judgment convicted defendant upon his plea of guilty of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for resentencing.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]), defendant contends that Supreme Court failed to exercise its discretion at sentencing. Although we note that defendant waived his right to appeal, there is no reason for us to determine whether that waiver is valid inasmuch as defendant's contention on appeal would survive even a valid waiver of the right to appeal (see People v Stith, 30 AD3d 966, 966-967 [4th Dept 2006]; People v Gathers, 9 AD3d 912, 912 [4th Dept 2004], lv denied 3 NY3d 674 [2004]; see also People v Seaberg, 74 NY2d 1, 9 [1989]).
We agree with defendant that the court failed to exercise its discretion at sentencing. "[T]he sentencing discretion is a matter committed to the exercise of the court's discretion . . . made only after careful consideration of all facts available at the time of sentencing" (People v Farrar, 52 NY2d 302, 305 [1981]; see People v Dowdell, 35 AD3d 1278, 1280 [4th Dept 2006], lv denied 8 NY3d 921 [2007]). Due consideration should be "given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence" (Farrar, 52 NY2d at 305; see People v Dupont, 164 AD3d 1649, 1650 [4th Dept 2018]).
Here, the court initially imposed a sentence of interim probation and advised defendant that, if he violated the terms of interim probation, the court would impose a term of 4½ years' incarceration with 3 years' postrelease supervision. When defendant violated the terms of interim probation, the court informed defendant at sentencing that it would not consider a lesser sentence because "your word is your word. That was the deal. I don't think that would speak well for the program nor would it speak well of me . . . I'd lose confidence in myself." The court further stated that "[w]e made an agreement, we made a deal . . . I'm going to abide by that deal." The sentencing transcript is devoid of any indication that the court considered the crime charged, defendant's circumstances, or the purpose of the penal sanction (see People v Knorr, 186 AD3d 1090, 1091-1092 [4th Dept 2020]; cf. People v Clause, 167 AD3d 1532, 1532-1533 [4th Dept 2018]). Nor is there any indication that the court considered the presentence report, which was prepared after the plea. We conclude that "the sentencing transcript, read in its entirety, does not reflect that the court conducted the requisite discretionary analysis" (Knorr, 186 AD3d at 1091-1092). We therefore modify the judgment by vacating the sentence, and we remit the [*2]matter to Supreme Court for resentencing.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court