People v McLeod (2020 NY Slip Op 08125)





People v McLeod


2020 NY Slip Op 08125


Decided on December 31, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 31, 2020

109631 111345

[*1]The People of the State of New York, Respondent,
v
James E. McLeod, Also Known as BK, Appellant.

Calendar Date: November 23, 2020

Before: Garry, P.J., Egan Jr., Mulvey and Colangelo, JJ.


Karen A. Leahy, Cortland, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Colangelo, J.
Appeals (1) from a judgment of the County Court of Broome County (Dooley, J.), rendered July 14, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree, and (2) by permission, from an order of said court, entered May 31, 2019, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In a 17-count indictment, defendant was charged with various offenses related to his sales of heroin to a confidential informant (hereinafter CI) and his possession of weapons, drugs and drug paraphernalia found in his apartment and in a rental car. Defendant thereafter filed an omnibus motion for relief that included preclusion of his postarrest statements to police and the suppression of certain evidence recovered from his apartment and the CI's identification of him as the drug seller. County Court issued a decision that precluded defendant's statements to police but the motion was otherwise denied without a hearing. Defendant then pleaded guilty to criminal possession of a weapon in the second degree in satisfaction of all charges. As contemplated by the plea agreement, County Court sentenced defendant, a second felony offender, to a prison term of eight years to be followed by five years of postrelease supervision. Defendant appeals from the judgment of conviction and, by permission, from an order denying his subsequent pro se motion to vacate the judgment pursuant to CPL 440.10.[FN1]
We affirm. Defendant advances two arguments related to suppression issues, the first being that a hearing was required to assess whether the CI, who was one of his regular drug customers, was acting as an agent of the police when he surreptitiously looked at defendant's driver's license to learn his legal name. However, as defendant failed to raise this argument in his omnibus motion or thereafter to seek renewal when the CI's behavior was referenced by County Court in its decision (see CPL 710.40 [4]; People v Gibson, 117 AD3d 1317, 1322 [2014], affd 24 NY3d 1125 [2015]), it is unpreserved for our review (see CPL 470.05 [2]; People v Shabazz, 99 NY2d 634, 636 [2003]; People v Dancey, 57 NY2d 1033, 1035 [1982]; People v Crawford, 61 AD3d 773, 774 [2009], lv denied 13 NY3d 743 [2009]). Defendant similarly failed to preserve his challenge to the propriety of investigators impounding and conducting an inventory search of his parked Nissan vehicle — a search that, it should be noted, the People advise did not turn up any incriminating evidence — in the course of searching his apartment pursuant to a warrant (see People v Tardi, 28 NY3d 1077, 1079 [2016]; People v Murray, 136 AD3d 714, 714 [2016], lv denied 27 NY3d 1003 [2016]).
As a final matter, although County Court did state that it was "bound" and did not have "discretion" to impose a lesser sentence than the one that had been negotiated, it promptly noted that it had the authority to find the negotiated [*2]sentence inappropriate if it so chose. It did not, and County Court imposed the negotiated sentence. Thus, even accepting defendant's contention that "County Court misapprehended the extent of its discretion to impose a lesser sentence than that set forth in the plea agreement, we find no reason to vacate the sentence and remand for resentencing where, as here, there is nothing in the record demonstrating that defendant was harmed as a result of any such misapprehension" (People v Kinchoy, 186 AD3d 1838, 1839 [2020]; see People v Anonymous, 156 AD3d 414, 415 [2017], lv denied 30 NY3d 1113 [2018]; People v Georges, 130 AD3d 843, 844 [2015], lv denied 26 NY3d 967 [2015]).
Garry, P.J., Egan Jr. and Mulvey, JJ., concur.
ORDERED that the judgment and order are affirmed.



Footnotes

Footnote 1: Defendant has not raised any issues relating to the order denying his CPL article 440 motion in his brief and has, as a consequence, abandoned his appeal therefrom (see People v Ellis, 182 AD3d 791, 792 n 2 [2020], lv denied 35 NY3d 1026 [2020]; People v Jones, 101 AD3d 1241, 1241 n [2012], lv denied 21 NY3d 944 [2013]).