People v Thomas (2025 NY Slip Op 02435)

People v Thomas

2025 NY Slip Op 02435

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

25 KA 23-00691

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRIAN THOMAS, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Rory A. McMahon, J.), rendered June 30, 2022. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]).
Defendant correctly contends, and the People correctly concede, that defendant's waiver of the right to appeal is invalid inasmuch as County Court's oral colloquy was insufficient to ensure that the waiver of the right to appeal was a knowing and voluntary choice (see People v Elmore, 213 AD3d 1245, 1246 [4th Dept 2023]; cf. People v Allen, 174 AD3d 1456, 1456 [4th Dept 2019], lv denied 34 NY3d 978 [2019]; People v Mellerson, 156 AD3d 1488, 1489 [4th Dept 2017], lv denied 30 NY3d 1117 [2018]). We note in any event that a valid waiver of the right to appeal would not encompass defendant's contention that his sentence is illegal (see People v Stith, 30 AD3d 966, 966-967 [4th Dept 2006]; People v Gathers, 9 AD3d 912, 912 [4th Dept 2004], lv denied 3 NY3d 674 [2004]; see generally People v Seaberg, 74 NY2d 1, 9 [1989]).
Defendant further contends that the court failed to exercise its discretion with respect to sentencing but instead improperly abdicated its sentencing authority to the People inasmuch as it erroneously deemed itself bound by the sentencing commitment made by the People in connection with the plea bargain. Preliminarily, we agree with defendant that, although he did not preserve that contention, the narrow exception to the preservation rule permitting appellate review when the illegality of a sentence "is readily discernible from the trial record" applies here (People v Santiago, 22 NY3d 900, 903 [2013]; see People v Nieves, 2 NY3d 310, 315-316 [2004]; People v Samms, 95 NY2d 52, 55-56 [2000]; People v Dunham, 83 AD3d 1423, 1424-1425 [4th Dept 2011], lv denied 17 NY3d 794 [2011]). However, assuming, arguendo, that the court "misapprehended the extent of its discretion to impose a lesser sentence than that set forth in the plea agreement," we conclude that there is "no reason to vacate the sentence and remand for resentencing where, as here, there is nothing in the record demonstrating that defendant was harmed as a result of any misapprehension" (People v Kinchoy, 186 AD3d 1838, 1839 [3d Dept 2020], lv denied 36 NY3d 973 [2020]). Remittal for resentencing when a sentencing court misapprehends its discretion to impose a lesser sentence than set forth in the plea agreement is necessary "only where the record indicates possible harm flowing from the court's error, such as some indication of reservation by the court as to the fairness of the sentence to be imposed" (People v Seymour, 21 AD3d 1292, 1293 [4th Dept 2005], lv denied 6 NY3d 758 [2005] [internal quotation marks omitted]; see People v McLeod, 189 AD3d 1967, 1968 [3d Dept 2020]; People v Barzge, 244 AD2d 213, 213-214 [1st Dept 1997], lv denied 91 NY2d 889 [*2][1998]). Here, there is no basis in the record to conclude that the court had any reservations about the sentence contemplated by the plea agreement and the record does not otherwise indicate possible harm flowing from the court's error.
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court